■ LUMBERMEN'S MUTUAL CASUALTY COMPANY, Appellant-Respondent, v WILLIAM H. LOGAN, Respondent-Appellant. — In an action for a declaratory judgment to determine the rights and obligations of the parties under an insurance policy, the parties cross-appeal from an order of the Supreme Court, Westchester County (Beisheim, J.), entered April 6, 1981, which denied their motion and cross motion for summary judgment. Order modified, on the law, by deleting the provision which denied plaintiff's motion for summary judgment and substituting therefor a provision granting said motion and declaring that the plaintiff is not required to defend and indemnify defendant, its insured, in connection with the underlying negligence action. As so modified, judgment affirmed, without costs or disbursements. Defendant's policy obligated plaintiff to defend and indemnify the insured with respect to accidents resulting in bodily injury caused by an "occurrence and arising out of the ownership, maintenance or use * * * of an owned automobile". Here, the injury resulted from a fall in an icy parking lot. It neither arose from the intrinsic nature of the motor vehicle, as such, nor did the vehicle itself produce the injury (*Matter of Manhattan & Bronx Surface Tr. Operating Auth.* [*Gholson*], 71 AD2d 1004; *Gering v Merchants Mut. Ins., Co.*, 75 AD2d 321). The use of the motor vehicle must be the proximate cause of the injury in the underlying action to come within the ambit of the "use or operation" clause (*United Servs. Auto. Assn. v Aetna Cas. & Sur. Co.*, 75 AD2d 1022). Titone, J. P., Lazer, Mangano and Gibbons, JJ., concur.