OPINION OF THE COURT
Stanley Harwood, J.
Named as defendants in this action are the Town of Hempstead (the Town) and Oceanside Truck Rental Corporation (the Rental Corporation). According to the complaint, defendants, “or either of them, through their agents * * * or employees, improperly, carelessly and unlawfully plowed [the] public highways” thereby creating an unsafe and dangerous mound of snow upon which plaintiff fell and was injured. Pursuant to a contract between the Town and the Rental Corporation annexed on these motions, the latter leased to the former ready-to-roll trucks to which the Town had the right to attach snowplows and sand spreaders. The Town was responsible for furnishing operators of the trucks “who shall be employees of the [Town]”. There is no allegation in the complaint concerning the trucks themselves or the manner in which they were driven. The Rental Corporation has cross-claimed against the Town for indemnification.
*245 In its contract with the Town, the Rental Corporation also agreed to furnish, “for each truck, a policy of comprehensive public liability insurance indemnifying the [Town] for personal injuries”. Submitted on the motion is a policy of automobile liability insurance issued by third-party defendant Aetna Casualty & Surety Company (Aetna). According to the declarations, the business of the insured is “LEASING TRUCKS TO THE TOWN OF HEMPSTEAD ONLY”. Part IV(A)(1) of the policy provides that: “We [Aetna] will pay all sums the insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered auto.” Pursuant to Part IV(D), anyone using a covered vehicle with permission of the named insured and someone liable for the conduct of another so using the vehicle, are also “insured”. Following institution of the main action against defendants, Aetna refused to defend or indemnify the Rental Corporation, which thereupon commenced the third-party action against Aetna because of that refusal.
Both Aetna and the Rental Corporation move for summary judgment in the third-party action. Aetna claims that the accident “did not result from ownership maintenance or use of a covered auto under the terms of the policy”. Although it hints that, because there is no mention of snowplowing or snowplows in the insurance policy, the vehicle was not a covered auto, Aetna focuses on the lack of connection between plaintiff’s injuries and the driving function of the truck to which the snowplow was attached. The Rental Corporation claims that if plaintiff’s injuries were caused by negligent snowplowing, then the accident resulted from the use of a motor vehicle within the meaning of the policy. The Rental Corporation also moves, in the alternative, for summary judgment on its cross claim against the Town for indemnification. The Town, in turn, supports the Rental Corporation’s motion for summary judgment against Aetna, asserting that as third-party beneficiary of the insurance contract, Aetna owes the Town the same duty to defend and indemnify as it owes to the Rental Corporation. The Town opposes the motion for summary judgment against it on the ground that judgment *246 on the third-party claim against Aetna renders the cross claim moot, and on the ground that, if Aetna is entitled to summary judgment, then the Rental Corporation is nonetheless liable to the Town pursuant to the contract between the defendants. Plaintiff does not appear on the motion.
The obligation of an insurer to defend, broader than the duty to indemnify (Green Bus Lines v Consolidated Mut. Ins. Co., 74 AD2d 136), is determined by comparing the allegations of the complaint filed against the insured with the provisions of the insurance contract. (Aetna Cas. & Sur. Co. v Liberty Mut. Ins. Co., 91 AD2d 317.) Aetna insured against liability resulting from the use of a motor vehicle, and in order to constitute a covered loss, the motor vehicle must not merely contribute to cause the condition which produces the injury, but must itself produce the injury. (See Matter of Manhattan & Bronx Surface Tr. Operating Auth. [Gholson], 71 AD2d 1004; see, also, Goetz v General Acc. Fire & Life Assur. Corp., 47 Misc 2d 67.)
If plaintiff’s accident were deemed to result from use of a motor vehicle, it may be that “no-fault” principles (see Insurance Law, § 670 et seq.) would apply. (See Matter of Manhattan & Bronx Surface Tr. Operating Auth. [Gholson], supra.) And in that case, not only would plaintiff be eligible for “first party benefits” (see Insurance Law, §§ 671, 672) she would also be required to meet the threshold criteria of “serious injury” as a condition precedent to maintenance of this litigation. (See Insurance Law, § 673.) However, neither of the defendants make such an argument because plaintiff complains not of the use of a motor vehicle in a manner giving rise to liability, but of the negligent plowing of streets, effectuated by one or both of the defendants and only incidentally accomplished by use of a motor vehicle. The sine qua non of plaintiff’s action is the existence of a dangerous condition because of snow and ice (cf. Williams v City of New York, 214 NY 259) and the instrumentality by which it was created is irrelevant. The allegations of plaintiff’s complaint do not bring this litigation within the ambit of the “use” clause of the insurance policy (see Lumbermen’s Mut. Cas. Co. v Logan, 88 AD2d 971) and Aetna has no obligation to either indemnify or defend. The Rental Corporation’s motion for summary *247 judgment is accordingly denied, Aetna’s application for summary judgment is granted, and the third-party action is dismissed.
As to the alternative request for summary judgment against the Town, the Rental Corporation presupposes that it can be held vicariously liable because of its ownership of the truck used by the Town. Were the negligent use of a motor vehicle at issue here, that would be true. (See Vehicle and Traffic Law, § 388, subd 1.) Plaintiff alleges, however, that either or both of the defendants created the condition; if, as the contract between defendants indicates, the Rental Corporation did not participate in the snowplowing, plaintiff has no cause of action against the Rental Corporation and no judgment will be entered against it. If the Rental Corporation did participate in the snowplowing, there is no basis for the indemnification on which the cross claim is grounded, although the trier of fact will apportion liability if both defendants are at fault. Moreover, the unexplored issue of whether the defendants intended by their contract that the Rental Corporation would indemnify the Town for damages paid because of a “slip and fall” accident precludes summary judgment and the Rental Corporation’s alternative request for summary judgment is denied. If, as the Rental Corporation contends, it is the “proverbial ‘man in the middle’ ”, its remedy is to move for summary judgment against plaintiff.