■ FRANCES WALTERS, Appellant, v CHARFIL HOLDING, INC., Respondent.—In an action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Nassau County (McCaffrey, J.), dated June 8, 1982, which, upon a jury verdict finding that plaintiff's damages amounted to the principal sum of $4,500, and, upon apportioning liability at 70% against the plaintiff and 30% against defendant, awarded plaintiff the principal sum of $1,350.

Judgment modified, on the facts and as a matter of discretion, by deleting therefrom the provisions as to damages unless defendant shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to increase the award of damages to plaintiff and against defendant from the principal sum of $1,350 to the principal sum of $7,500 and to entry of an amended judgment accordingly. As so modified, judgment affirmed, with costs to plaintiff, and matter remitted to the Supreme Court, Nassau County, for a new trial on the issue of damages only. In the event defendant so stipulates, then judgment, as so increased and amended, affirmed, with costs to plaintiff. Defendant's time to serve and file a stipulation is extended until 20 days

after service upon it of a copy of the order to be made hereon, with notice of entry.

Generally, the jury's assessment of damages should not be disturbed unless it is so inadequate or so excessive as to shock the conscience of the court *(see, e.g., Petosa v City of New York,* 63 AD2d 1016). We find that the award here was so inadequate.

As the result of a fall on defendant's property, the plaintiff, who was 55 years old at the time of the accident, suffered a fractured ankle and a dislocated shoulder. She was brought to the hospital, where her entire shoulder and arm had to be bound and her ankle had to be put into a cast. She was in such extreme pain that she was unable to sleep; the pain in her leg was so great that the cast had to be opened and loosened the day after it was put on.

Plaintiff was hospitalized for five days and upon her release was bedridden for nearly two weeks. She was then confined to a wheelchair for another 20 weeks and continued to need daily care as she could not maneuver the wheelchair herself. Not until six or seven months after the accident could plaintiff walk without a walker, and she was not able to return to work for approximately a year. At the time of trial, plaintiff continued to have pain, and had only limited movement of her left arm and shoulder, a condition described as a permanent disability.

Plaintiff's proof at trial was too indefinite to prove lost wages, but it was established that medical bills of over $2,000 were incurred.

On the record before us, we find the damages awarded were inadequate to the extent indicated. Plaintiff's damages amounted to $25,000. Since defendant was 30% liable for the accident, she is entitled to an award of the principal sum of $7,500.

As defendant has not cross-appealed from the judgment, it may not properly raise the argument raised in its brief that the verdict in plaintiff's favor was against the weight of the evidence. In any case, were we to consider such a contention, we would find it to be without merit. O'Connor, J. P., Niehoff, Lawrence and Kooper, JJ., concur.