■ ROSA DUROSEAU, Plaintiff, v TOWN OF HEMPSTEAD et al., Appellants, and AETNA CASUALTY & SURETY COMPANY, Respondent.—In an action to recover damages for personal injuries, the defendant, the Town of Hempstead, appeals from so much of the order of the Supreme Court, Nassau County (Harwood, J.), entered April 25, 1984, as granted the motion of the third-party defendant Aetna Casualty & Surety Company for summary judgment dismissing the third-party complaint, and denied that branch of a cross motion by third-party plaintiff Oceanside Truck Rental Corporation which was for summary judgment on its third-party complaint, and Oceanside Truck Rental Corporation appeals from stated portions of that order.

Appeal by Oceanside Truck Rental Corporation dismissed, for failure to perfect the same in accordance with the rules of the court (22 NYCRR 670.20 [f]).

Order affirmed insofar as appealed from.

Respondent is awarded one bill of costs payable by the Town of Hempstead.

Defendant Oceanside Truck Rental Corporation's policy obligated the respondent insurer to defend and indemnify the insured with respect to accidents resulting in bodily injury "caused by an accident resulting from the * * * use of a covered auto". Here, the injury resulted from plaintiff's falling on a public highway allegedly because of a dangerous condi-

tion created by appellants having negligently plowed the snow on that highway. The snow had been plowed with the insured vehicle. Since the injury did not result from the intrinsic nature of the motor vehicle as such, nor did the use of the automobile itself produce the injury, but, at most, contributed to the condition which produced it, the injury does not come within the ambit of the "use or operation" clause *(see, Lumbermen's Mut. Cas. Co. v Logan,* 88 AD2d 971; *Matter of Manhattan & Bronx Surface Tr. Operating Auth. [Gholson],* 71 AD2d 1004). Lazer, J. P., Mangano, Brown and Kooper, JJ., concur. [124 Misc 2d 244.]