■ SINCLAIRS DELI, INC., Respondent-Appellant, v ASSOCIATED MUTUAL INSURANCE COMPANY, Appellant-Respondent, et al., Defendants.—In an action to recover insurance benefits, the defendant Associated Mutual Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Hand, J.), dated February 9,

1989, as denied its cross motion for summary judgment dismissing the complaint, and the plaintiff cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment as against the defendant Associated Mutual Insurance Company.

Ordered that the order is modified by deleting therefrom the provision denying Associated Mutual Insurance Company's cross motion for summary judgment and substituting therefor a provision granting the cross motion and dismissing the complaint as asserted against Associated Mutual Insurance Company; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to Associated Mutual Insurance Company.

On or about April 2, 1987, Associated Mutual Insurance Company (hereinafter Associated), issued a three-year fire insurance policy to the plaintiff covering the period March 14, 1987, through March 14, 1990. On March 30, 1987, prior to the issuance of the policy, Associated inspected the subject premises and sent the plaintiff a letter dated April 20, 1987, requiring that the plaintiff comply with certain itemized recommendations.

On May 11, 1987, Associated reviewed its files and, finding that there had been no confirmation of compliance with the recommendations, sent the plaintiff a notice of cancellation informing it that coverage would be terminated as of June 10, 1987, *inter alia,* for noncompliance with the company recommendations.

The plaintiff suffered extensive fire damage on June 16, 1987, and sought to recover insurance benefits from Associated. Associated disclaimed coverage based upon the prior termination of coverage.

Pursuant to Insurance Law § 3426 (b), during the first 60 days an initial covered policy (i.e., a policy of commercial risk insurance, professional liability insurance or public entity insurance) is in effect, an insurer may cancel it for any reason upon 20 days written notice. In this case, Associated complied with the mandates of the statute and canceled the plaintiff's policy within 60 days of its issuance and upon 20 days notice. As such, on the date of the fire, there was no insurance in effect and summary judgment should have been granted to Associated.

We have reviewed the remaining contentions advanced in the plaintiff's brief and conclude that they are without merit. Thompson, J. P., Bracken, Sullivan and Balletta, JJ., concur.