■ JAMES REYNOLDS et al., Respondents, v MERIT OIL OF NEW YORK, INC., Appellant.—In a negligence action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Kings County (Golden, J.), entered June 2, 1988, as amended July 14, 1989, which, upon jury verdicts finding that the defendant was 95% at

fault in the happening of the accident and that the plaintiff was 5% at fault in the happening of the accident, and determining the plaintiff James Reynolds's damages for pain and suffering to be $355,000, and medical expenses to be $480, and the plaintiff Jean Reynolds's damages for loss of services to be $7,000, awarded the plaintiff James Reynolds the principal sum of $337,250 for pain and suffering and $456 for medical expenses, and awarded the plaintiff Jean Reynolds the principal sum of $6,650 for loss of services.

Ordered that the judgment, as amended, is modified, on the facts and as a matter of discretion, by deleting the first and second decretal paragraphs thereof, and as so modified, the judgment, as amended, is affirmed, without costs or disbursements, and a new trial is granted with respect to the plaintiff James Reynolds's damages for pain and suffering and the plaintiff Jean Reynolds's damages for loss of services, unless the plaintiff James Reynolds serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation signed by him consenting to reduce the verdict as to damages for pain and suffering from the sum of $355,000 to the sum of $40,000, and the net award of damages to him for pain and suffering from $337,250 to $38,000 ($40,000 less 5% representing his share of the fault), and to the entry of a further amended judgment accordingly, and the plaintiff Jean Reynolds serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation signed by her consenting to reduce the verdict as to damages for loss of services from $7,000 to $3,000 and the net award of damages to her for loss of services from $6,650 to $2,850 ($3,000 less 5% representing her husband's share of the fault), and to the entry of a further amended judgment accordingly.

Ordered that each plaintiff's time to serve and file a stipulation is extended until 20 days after service upon that plaintiff of a copy of this decision and order, with notice of entry; and it is further,

Ordered that in the event the plaintiff James Reynolds so stipulates, then the judgment, as amended, in his favor, as so reduced and further amended, is affirmed, without costs or disbursements; and it is further,

Ordered that in the event the plaintiff Jean Reynolds so stipulates, then the judgment, as amended, in her favor, as so reduced and further amended, is affirmed, without costs or disbursements.

Under the traditional standard of review applicable to the

instant case, the jury's assessment of damages should not be disturbed unless the excessiveness or inadequacy of the award is such as to shock the conscience of the court *(see, Stern v Calzado,* 163 AD2d 297; *Walters v Charfil Holding,* 115 AD2d 472; *Senko v Fonda,* 53 AD2d 638). Applying this standard of review to the facts of the instant case, we find the verdict to be excessive to the extent indicated. The plaintiff James Reynolds's injuries, which he sustained in a fall at a gasoline service station owned and operated by the defendant Merit Oil of New York, Inc., consisted of two fractures of the bones in his left foot. The record reveals that Mr. Reynolds, who was 40 years old at the time of the accident, was never hospitalized. He sought medical treatment at a local hospital the day after the accident occurred. A short-leg cast was applied to Mr. Reynolds's left foot and he was immediately discharged. He returned to work that same day and has continually worked since the date of the accident. The cast was removed from Mr. Reynolds's foot after two weeks. On a visit to the attending physician two months after the accident, Mr. Reynolds was discharged with instructions to rest, limit his walking and to soak and elevate his left foot when possible. Mr. Reynolds testified that for two or three months following the accident he could not carry his wife's laundry up and down the stairs, was unable to cook on Sundays and had to depend on his friends to do the shopping, activities he enjoyed before the accident. However, as of the time of trial Mr. Reynolds had a full range of motion of all joints in his left foot and enjoyed all of the activities he had engaged in before the accident. Mr. Reynolds's only evidence of permanent injury consisted of his testimony that he experienced periodic pain and swelling in his left foot after prolonged periods of activity which required him to be on his feet. Upon our assessment of the evidence, we conclude that an appropriate amount of damages for Mr. Reynolds's pain and suffering is $40,000, and, after accounting for his comparable fault, a proper award to him would be $38,000 *(see generally, Vogelhut v Waldbaum's Supermarket,* 127 AD2d 590; *Bauer v Kornhaber,* 123 AD2d 416).

We further note that the damages awarded to the plaintiff Jean Reynolds are excessive to the extent indicated *(see, Jorgensen v Great Atl. & Pac. Tea Co.,* 119 AD2d 730; *cf., Hagler v Consolidated Edison Co.,* 99 AD2d 725).

Lastly, we find that the defendant's contention that the plaintiffs' counsel improperly suggested to the jury in the course of summation that they resort to a unit of time method

in determining damages for James Reynolds's pain and suffering is not supported by the record *(see, Tate v Colabello,* 58 NY2d 84, 88; *Lee v Bank of N. Y.,* 144 AD2d 543; *cf., De Cicco v Methodist Hosp.,* 74 AD2d 593). Thompson, J. P., Brown, Kunzeman and Eiber, JJ., concur.