■ Philip C. Suriano, Appellant, v Equitable Life Assurance Society of the United States, Defendant, and Gerard DeAngelis, Respondent.—Order, Supreme Court, Bronx County (Barry Salman, J.), entered June 18, 1990, which granted the motion of defendant Gerard DeAngelis for summary judgment dismissing the complaint as against him, unanimously affirmed, with costs.

On September 24, 1982 plaintiff, a physician, executed an application for disability insurance to be issued by the Equitable Life Assurance Society. On that part of the application dealing with the proposed insured's medical history, plaintiff was asked whether he had "ever been treated for or ever had any known indication of * * * disease or disorder of eyes, ears, nose or throat [or] cyst, tumor or cancer." Plaintiff was also asked whether he had "within the past 5 years * * * consulted or been examined by any physician [or] been a

patient in a hospital * * * or other medical facility." To each of these questions the plaintiff answered "no".

In fact, in July 1978 the plaintiff had been diagnosed as having cancer of the larynx, and he had received radiotherapy in a hospital during July and August of 1978. In January 1984, the plaintiff underwent a total laryngectomy, due to cancer of the larynx, and made a claim for benefits under the policy. Equitable discovered the plaintiff's true medical history. In December of 1984, based on these facts, Equitable elected to rescind the policy.

Plaintiff brought an action against Equitable to recover benefits under the policy, and sued Equitable's agent DeAngelis for negligence, alleging that he had incorrectly advised plaintiff "that Equitable was only concerned with any medical conditions that may have occurred in the two years prior to the application, and whether I had been treated by a doctor for any serious problem or who had recommended treatment within that two year period." DeAngelis denied any knowledge prior to September 24, 1982 that plaintiff had cancer, and asserted that he had asked the questions verbatim and recorded plaintiff's responses thereto.

Summary judgment was properly granted to DeAngelis. Immediately above plaintiff's signature the application states: "The above statements and answers are true and complete to the best of my knowledge and belief. I agree that such statements and answers shall be part of that application, and are made to induce the Equitable to issue any policy which may be issued upon this application." Also above plaintiff's signature is a notice stating: "No agent or medical examiner has authority to modify this Agreement or to waive any of the Equitable's rights or requirements".

In granting DeAngelis' motion for summary judgment, the Supreme Court observed that plaintiff is an educated individual, and clearly capable of reading and understanding the application that he signed, and as a result must be bound by the representations contained therein. Concur—Carro, J. P., Milonas, Ellerin, Kupferman and Rubin, JJ.