■ Robert I. Sahn, Respondent, v AFCO Industries et al., Appellants. [597 NYS2d 294] —Order, Supreme Court, New York County (Carol Arber, J.), entered November 8, 1991, which, *inter alia,* denied defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and which dismissed the third, fourth, and fifth causes of action pursuant to CPLR 3211 (a) (7), unanimously affirmed, without costs and without disbursements.

The doctrine of collateral estoppel is inapplicable in this instance since the prior Federal action did not decide the issue

which is present in this case, namely, whether defendant Finkelstein was negligent or reckless in advising plaintiff as he allegedly did *(see, Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65). While the Judge in the Federal action stated that he did not believe that the insured disclosed all relevant medical information to the insurance broker (Finkelstein), this was merely dictum wholly unnecessary to the Federal court's holding.

The first two causes of action allege, *inter alia,* that Finkelstein negligently and improperly caused plaintiff to obtain a voidable insurance policy by advising plaintiff that certain medical conditions and doctor visits were minor and not material. Accordingly, these two counts sufficiently allege a cause of action *(see, Royal Ins. Co. v Cathy Daniels, Ltd.,* 684 F Supp 786, 792).

Finally, but for defendants' alleged negligence plaintiff would not have been forced to defend himself in the prior Federal action. Accordingly, plaintiff may properly seek attorneys' fees from defendants for the defense of that prior action as an item of consequential damages. Concur—Rosenberger, Kupferman and Asch, JJ.

Sullivan, J. P., concurs in a memorandum as follows: In the prior Federal action, the trial court held, as a matter of fact, that the insured did not disclose all relevant medical information to the broker and, as a matter of law, that, in any event, the broker could not waive the claims of the insurer. The majority characterizes the determination that no disclosure had taken place as dictum; it was, rather, an alternative ground supporting the decision that the insured had made a wilful misrepresentation entitling the insurer to rescission. However, since I believe that in this case this alternative ground in support of the decision should not be given binding effect, I agree with the majority that the doctrine of collateral estoppel is inapplicable. *(See,* Restatement [Second] of Judgments § 27, comment *i; cf., Malloy v Trombley,* 50 NY2d 46, 50-51.)