■ SINCLAIR'S DELI, INC., Appellant, v ASSOCIATED MUTUAL INSURANCE COMPANY et al., Defendants, and BERNARD FLEISCHER ASSOCIATES, INC., Respondent. [601 NYS2d 625] —In an action to recover insurance benefits, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), entered December 21, 1990, which granted the motion of defendant Bernard Fleischer Associates, Inc., for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with costs.

We agree with the conclusion of the Supreme Court that the plaintiff failed to establish that it was in privity with the defendant Bernard Fleischer Associates, Inc. (hereinafter Fleischer), or that the parties were in a relationship sufficiently approaching privity. Thus, Fleischer may not be held liable for its alleged negligent misrepresentations to the plaintiff *(see, Security Pac. Bus. Credit v Peat Marwick Main & Co.,* 79 NY2d 695; *W. C. Humphreys, Inc. v Zurich Ins. Co.,* 54 Misc 2d 659). Thompson, J. P., Rosenblatt and Miller, JJ., concur.

Ritter, J., dissents and votes to reverse the order appealed from and deny the motion of the defendant Bernard Fleischer Associates, Inc., for summary judgment, with the following memorandum. The facts alleged in the complaint and affidavits are sufficient, in my view, to establish that Bernard Fleischer Associates, Inc. (hereinafter Fleischer) owed a duty of due care with respect to the plaintiff's effort to reinstate the subject insurance policy without an interruption of coverage. The fact that the allegedly negligent statements were made to the plaintiff's insurance agent is not fatal to the plaintiff's cause of action. As the following facts indicate, Fleischer was aware at all times that the insurance agent was acting on behalf of the plaintiff. Fleischer was also aware, or should have been aware, that the plaintiff would rely on the statements made to the plaintiff's insurance agent.

The plaintiff corporation, Sinclair's Deli, Inc. (hereinafter Sinclair), owns and operates a delicatessen in North Babylon, New York. In or about March 1987, Sinclair employed the services of Thomas A. Nolan Associates (hereinafter Nolan), an insurance agent, to obtain a business insurance policy covering the premises where the delicatessen was run. An application for insurance was filled out indicating that Sinclair had been in business for 10 years and had previously been insured by Nationwide Insurance Company.

Nolan, on behalf of Sinclair, submitted the application to Fleischer, a "wholesale broker" and agent for certain insurance companies. At Fleischer's request, Nolan submitted another application form providing additional information about Sinclair. Nolan also sent a premium deposit check payable to Fleischer. Thereafter, Fleischer issued a binder on behalf of one of its principals, Associated Mutual Insurance Company (hereinafter Associated Mutual) providing both liability and contents insurance for a three-year term effective March 14, 1987.

Associated Mutual thereafter inspected the subject premises, and on or about April 20, 1987, sent Sinclair a letter indicating that certain safety "recommendations" had to be satisfied. On or about May 13, 1987, Associated Mutual sent Sinclair a notice of cancellation because of the purported noncompliance with the safety recommendations. Fleischer received a copy of the notice of cancellation and immediately forwarded another copy to Nolan. Prior to the June 10, 1987, cancellation date, Nolan contacted Fleischer on behalf of Sinclair. Nolan was allegedly advised by Fleischer that the policy would be reinstated "without interruption of coverage" as long as Fleischer received notice prior to the cancellation date that Sinclair had complied with the insurer's safety recommendations.

Sinclair sent Nolan written proof of compliance in early June 1987 and Nolan immediately forwarded it to Fleischer. Fleischer received the proof of compliance on June 8, 1987. The information establishing compliance supplied on behalf of Sinclair was forwarded by Fleischer to Associated Mutual with a form cover letter dated June 9, 1987, indicating "recommendations have been complied with". The letter requested that the policy be reinstated. Associated Mutual did not reinstate the coverage, and on June 16, 1987, Sinclair's delicatessen sustained serious fire damage.

Sinclair subsequently commenced the instant action against

Associated Mutual, Nolan, and Fleischer. Nolan defaulted and reportedly has filed for bankruptcy. Associated Mutual's motion for summary judgment was granted by this Court, on a prior appeal, on the ground that the insurer had a right to cancel the policy within 60 days of issuance for any reason, and that cancellation had been effected in accordance with statute *(see, Sinclairs Deli v Associated Mut. Ins. Co.,* 163 AD2d 296). Fleischer was therefore the only remaining defendant at the time it moved for dismissal as against it.

Sinclair alleges that Fleischer negligently misrepresented that Associated Mutual would reinstate the policy without an interruption of coverage upon written confirmation that the safety hazards had been cured. Additionally, Sinclair claims it relied on the statement to its detriment by assuming there was no need to obtain different fire insurance coverage. Fleischer moved for summary judgment challenging the key factual allegations, but arguing that even if the misstatement were proven, liability would not attach because Fleischer had been acting on behalf of its disclosed principal, Associated Mutual. The Supreme Court granted the motion. The court concluded, in substance, that the relationship between the parties did not impose a duty upon Fleischer to provide information to Sinclair with due care. I disagree with the court's conclusion and therefore vote to reverse.

As with all claims premised on a negligence theory, there must be a recognized duty imposed upon the alleged tortfeasor before liability will attach. Generally, a negligent statement may be the basis for imposing liability where there has been carelessness in imparting words upon which others were expected to rely, and upon which they did in fact act or fail to act to their damage *(see, White v Guarente,* 43 NY2d 356, 363). However, courts have struggled to define the scope of duty in such cases and to fix fair and manageable bounds of liability. Accordingly, the Court of Appeals has invoked a rule that recovery may be had for pecuniary loss arising from negligent representations only where there is actual privity of contract between the parties or a relationship so close as to approach that of privity *(see, Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 73 NY2d 417, 424; *Credit Alliance Corp. v Anderson & Co.,* 65 NY2d 536, *amended on other grounds* 66 NY2d 812).

Here, there is no dispute that both Nolan and Fleischer were aware that the other was acting on behalf of a disclosed principal, Sinclair and Associated Mutual, respectively. The issuance of a formal policy by Associated Mutual to Sinclair

established privity between the principals. Fleischer was no doubt aware that Sinclair would rely on the information given to, and the actions taken by, its agent Nolan. Under the circumstances, Sinclair should be considered actually in privity with Fleischer, whose alleged misstatements to its agent Nolan establish a predicate for the imposition of tort liability *(see, Schneider v Freres & Co.,* 159 AD2d 291, 296; *see also, Credit Alliance Corp. v Anderson & Co., supra,* 65 NY2d, at 550, n 9).

The fact that Fleischer was purportedly acting within the scope of its agency for disclosed principal, Associated Mutual, does not absolve it from liability for its own torts *(see, Connell v Hayden,* 83 AD2d 30, 50; 3 NY Jur 2d, Agency and Independent Contractors, § 286). In addition, Fleischer allegedly assumed responsibility for keeping Sinclair's coverage intact and forwarding to Associated Mutual the submitted proof of compliance with the safety recommendations. By assuming this responsibility, Fleischer became bound to do so carefully *(see, Glanzer v Shepard,* 233 NY 236, 239).

Moreover, even accepting the argument that Sinclair and Fleischer were not in actual privity, the nature of their relationship satisfies the criteria established by the Court of Appeals for finding liability against a "non-privy" third party. In *Prudential Ins. Co. v Dewey, Ballentine, Bushby, Palmer & Wood* (80 NY2d 377, 384), the Court of Appeals reiterated the guiding principles, and formulated the three following critical criteria for imposing liability in such cases: "(1) an awareness by the maker of the statement that it is to be used for a particular purpose; (2) reliance by a known party on the statement in furtherance of that purpose; and (3) some conduct by the maker of the statement linking it to the relying party and evincing its understanding of that reliance."

All of the foregoing criteria have been met in this case. Fleischer acknowledges receiving the notice of cancellation, forwarding a copy thereof to Nolan, and engaging in a conversation about reinstating the coverage prior to the effective date of cancellation. Fleischer then forwarded the proof of compliance with the safety conditions to Associated Mutual requesting reinstatement and evincing its understanding that Sinclair and Nolan had relied on its statements.

Just as Sinclair relied on Fleischer's authority to issue a valid binder on behalf of Associated Mutual, so did Sinclair through its agent Nolan rely on Fleischer's statements concerning reinstatement in deciding not to obtain coverage from another carrier. The form cover letter used by Fleischer

providing as one of its check-off options "recommendations have been complied with" suggests that such situations commonly occur and are part of its normal operating procedures.

In the case at bar, the one party expected to rely on the misinformation is easily identified. There is no cause for concern about subjecting the speaker to limitless liability or any other policy consideration that would preclude the imposition of tort liability on the facts alleged in this case. There are indeed factual issues regarding whether the statements attributed to Fleischer were made, and perhaps whether reliance by Sinclair on the alleged misstatements was justified, but these present triable issues which require denial of the motion for summary judgment.

I, therefore, respectfully dissent and vote to reverse the order appealed from and to deny Fleischer's motion for summary judgment.