■ VICTOR COLAIO, Appellant, v UNITED MEDICAL EXAMINERS, P. C., et al., Defendants, and ROBERT MUZIKOWSKI et al., Respondents. [717 NYS2d 235] —In an action, *inter alia,* to recover damages for negligence and breach of contract, the plaintiff appeals from an amended order of the Supreme Court, Suffolk County (Gowan, J.), dated July 19, 1999, which granted the motion of the defendants Robert Muzikowski and Benefit Planning, Inc., for summary judgment dismissing the amended complaint insofar as asserted against them and denied his cross motion for leave to serve a second amended complaint.

Ordered that the amended order is modified, on the law, by deleting the provision thereof granting the motion and

substituting therefor a provision denying the motion; as so modified, the amended order is affirmed, without costs or disbursements.

The defendant Robert Muzikowski, an insurance agent, solicited the plaintiff in connection with the purchase of a Northwestern Mutual Life Insurance Company (hereinafter Northwestern) disability policy. While assisting the plaintiff in completing the policy application, Muzikowski allegedly improperly advised him that he need not disclose that he had consulted a physician regarding a back problem, because Northwestern was only interested in information regarding serious illnesses and not minor health problems. Approximately eight months after the policy was issued, the plaintiff filed a claim for benefits based on a cardiac condition and back pain. After investigating the plaintiff's claim, Northwestern denied coverage on the ground that he had made material misrepresentations in his application. Northwestern subsequently commenced an action in Federal court to rescind the policy and was granted summary judgment.

The plaintiff commenced this action against, among others, Muzikowski and his agency, Benefit Planning, Inc. (hereinafter the respondents), asserting causes of action alleging breach of contract and negligence. The Supreme Court granted the respondents' motion for summary judgment dismissing the amended complaint insofar as asserted against them and denied the plaintiff's cross motion for leave to serve a second amended complaint adding causes of action alleging fraud against them and the other defendants.

Contrary to the respondents' contention, the plaintiff is not collaterally estopped from maintaining causes of action to recover damages for negligence and breach of contract (*see, Sahn v AFCO Indus.,* 192 AD2d 480). Further, the respondents failed to demonstrate, as a matter of law, that their alleged misrepresentations did not cause the plaintiff's damages. The respondents may be liable to the plaintiff if he establishes that insurance could have been obtained but for their alleged conduct (*see, Rodriguez v Investors Ins. Co.,* 201 AD2d 355, 356; *Sahn v AFCO Indus., supra,* at 481). There is a question of fact as to whether Northwestern would have issued a disability policy with an exclusionary rider for back problems if the plaintiff had disclosed his consultation with the physician. Had such a policy been issued, the plaintiff could have obtained benefits for his cardiac condition.

The plaintiff's acknowledgment in the application that an agent is not authorized to make or alter contracts or to waive

any of the insurer's rights or requirements does not preclude him from asserting causes of action to recover damages for negligence and breach of contract against the respondents (*cf., Suriano v Equitable Life Assur. Socy.,* 170 AD2d 413). The plaintiff is not seeking to bind Northwestern to representations made by Muzikowski. Consequently, the Supreme Court erred in granting the respondents' motion.

However, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion for leave to serve a second amended complaint. The plaintiff is collaterally estopped from relitigating the issue of reliance, a necessary element of the proposed causes of action alleging fraud (*see, Northwestern Mut. Life Ins. Co. v Colaio,* 1997 WL 177866, US Dist Ct, ED NY, Apr. 2, 1997, Nickerson, J [holding language in insurance application precluded reliance on advice of agents]). Altman, J. P., Goldstein, McGinity and Luciano, JJ., concur.