■ UTICA FIRST INSURANCE COMPANY, Appellant, v FLOYD HOLDING, INC., Defendant, and RVI INSURANCE AGENCY, INC., Respondent. [741 NYS2d 710] —In an action, inter alia, to recover damages for negligent misrepresentation, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Oshrin, J.), dated March 7, 2001, as, upon reargument, granted the motion of the defendant RVI Insurance Agency, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff issued an insurance policy to the defendant Floyd Holding, Inc. (hereinafter Floyd), allegedly in reliance upon an application for insurance which stated that Floyd did not subcontract any of its work. Floyd admitted that it had subcontracted work, but alleged that it had not completed that portion of the application which sought information about subcontracting. According to Floyd, its insurance broker, the defendant RVI Insurance Agency, Inc. (hereinafter RVI), completed that part of the application. The plaintiff, inter alia, asserted a cause of action against RVI to recover damages for negligent misrepresentation.

RVI is entitled to summary judgment since the plaintiff failed to demonstrate the existence of privity between the parties or that the parties were in a relationship sufficiently approaching privity (*see, Sinclair's Deli v Associated Mut. Ins. Co.,* 196 AD2d 644). Since RVI did not owe a duty to the plaintiff, it may not be held liable to it in tort (*see, Point O'Woods Assoc. v Those Underwriters at Lloyd's,* 288 AD2d 78). Goldstein, J.P., McGinity, Luciano and Crane, JJ., concur.