■ UTICA FIRST INSURANCE COMPANY, Respondent, v FLOYD HOLDING, INC., Defendant and Third-Party Plaintiff-Respondent. RVI INSURANCE AGENCY, INC., Third-Party Defendant-Appellant. [774 NYS2d 565]—

In an action, inter alia, for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant in an underlying action entitled *Reynolds v Unique Custom Homes Corp.*, pending in the United States District Court for the Eastern District of New York under case No. CV 99 4064, the third-party defendant, RVI Insurance Agency, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated July 24, 2002, as denied that branch of its motion which was to dismiss the third-party action pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

Utica First Insurance Company (hereinafter Utica) commenced this action seeking, inter alia, a judgment declaring that, based on material misrepresentations in an application for insurance made by Floyd Holding, Inc. (hereinafter Floyd), it was not required to defend and indemnify Floyd in the underlying lawsuit. In addition to Floyd, Utica's complaint named Floyd's insurance broker, RVI Insurance Agency, Inc. (hereinafter RVI), as a defendant, based on Floyd's contention that RVI filled out the application on Floyd's behalf, and made the misrepresentation upon which Utica relied in seeking to disclaim. Floyd's answer to the complaint asserted a cross-claim against RVI, grounded on those same assertions.

RVI previously was granted summary judgment dismissing Utica's complaint insofar as asserted against it, and converting Floyd's cross claim against it to a third-party action. This court affirmed the grant of summary judgment to RVI, on the ground that, because RVI was not in privity with Utica or in a relation-

ship sufficiently approaching privity, it did not owe Utica any duty (see *Utica First Ins. Co. v Floyd Holding,* 294 AD2d 351 [2002]).

RVI then made the motion at issue on this appeal, seeking dismissal of Floyd's third- party action pursuant to, inter alia, CPLR 3211 (a) (7). We reject RVI's contention that Floyd does not have a viable cause of action against it for indemnification. Accepting the truth of the assertions in the third-party action, as we must on this motion to dismiss, RVI, as Floyd's agent, breached its duty to Floyd to procure an effective insurance policy by negligently misrepresenting a material fact in the application for insurance. Since the contract of insurance was between Floyd and Utica, Utica may only seek relief from Floyd, and is precluded from seeking relief directly from RVI, the alleged wrongdoer, based on the lack of privity between them. However, if Utica prevails in its declaratory judgment action against Floyd based solely on the negligence of RVI as Floyd's agent, then Floyd will be entitled to indemnification from RVI.

Moreover, the Supreme Court did not err in determining that Floyd's third-party action stated a cause of action alleging negligence against RVI. "[T]he law is reasonably settled . . . that insurance agents have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so" (*Murphy v Kuhn,* 90 NY2d 266 [1997]). Floyd's third-party action against RVI asserts that RVI breached that duty by making a misrepresentation on Floyd's application for insurance, resulting in Utica disclaiming coverage in the underlying lawsuit. We agree with the Supreme Court that these allegations state a viable cause of action alleging negligence (see *Colaio v United Med. Examiners,* 277 AD2d 416 [2000]; *Gorgone v Regency Agency,* 238 AD2d 265 [1997]). Altman, J.P., S. Miller, Luciano and Rivera, JJ., concur.