■ REPUBLIC LONG ISLAND, INC., Appellant, v ANDREW J. VANACORE, INC., et al., Respondents, et al., Defendant. [815 NYS2d 163]—

In an action for a judgment declaring that the respondents G.M.A.C. Insurance Company and Integon National Insurance Company are obligated to defend and indemnify the plaintiff in an underlying personal injury action entitled *Gambine v Woodbury Meadows Senior Living Redevelopment Corp.*, pending in the Supreme Court, Nassau County, under index No. 927-02, or alternatively, to recover damages against Andrew J. Vanacore, Inc., for negligence and/or breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), entered June 9, 2005, as granted that branch of the motion of the defendants G.M.A.C. Insurance Company and Integon National Insurance Company, and the separate motion of the defendant Andrew J. Vanacore, Inc., which were for summary judgment dismissing

the complaint insofar as asserted against each of them, and denied its cross motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant Andrew J. Vanacore, Inc., for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision denying that motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the complaint is reinstated insofar as asserted against the defendant Andrew J. Vanacore, Inc.

The underlying action concerned a slip and fall in a parking lot that had been snowplowed by the appellant. The appellant requested indemnification and defense in the underlying action from G.M.A.C. Insurance Company and Integon National Insurance Company (hereinafter the insurers), pursuant to a Personal Automobile Policy (hereinafter the policy). The policy contains a standard automobile liability provision which requires the insurers to defend and indemnify their insured for accidents resulting in bodily injury or property damage, arising out of the "ownership, maintenance, or use" of the insured vehicle. The Supreme Court properly found that the accident was not covered by the above "use and operation" clause, because the injuries "did not result from the intrinsic nature of the motor vehicle as such, nor did the use of the automobile itself produce the injury, but, at most, contributed to the condition which produced it" (*Duroseau v Town of Hempstead,* 117 AD2d 579, 580 [1986]; *see Lumbermen's Mut. Cas. Co. v Logan,* 88 AD2d 971 [1982]). Accordingly, the Supreme Court properly granted that branch of the insurers' motion which was for summary judgment dismissing the complaint insofar as asserted against them.

However, the Supreme Court should have denied the separate motion of Andrew J. Vanacore, Inc. (hereinafter the broker), for summary judgment. "Generally . . . insurance agents have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so" (*Murphy v Kuhn,* 90 NY2d 266, 270 [1997]; *see Utica First Ins. Co. v Floyd Holding,* 5 AD3d 762, 763 [2004]; *Santaniello v Interboro Mut. Indem. Ins. Co.,* 267 AD2d 372 [1999]). In opposition to the motion, the appellant submitted an affidavit from its principal in which he stated that the broker failed to advise him of its inability to procure general liability coverage for the appellant's snowplowing activities. This was sufficient to raise a question of fact as to whether the broker failed to exercise due care in the transaction (*see Reilly v Progressive Ins. Co.,* 288 AD2d 365, 365-366 [2001]; *Santaniello v Interboro Mut. Indem. Ins. Co., supra* at 372).

Moreover, the crux of the appellant's claim against the broker hinged on the credibility of the witnesses, who presented contradictory affidavits. "Generally, questions of credibility on motions for summary judgment should not be determined by affidavit" (*Zulferino v State Farm Auto. Ins. Co.,* 123 AD2d 432 [1986]; *see Williams v Dover Home Improvement,* 276 AD2d 626, 627 [2000]; *Combs v Incorporated Vil. of Freeport,* 139 AD2d 688, 689 [1988]). This was an issue which should have been reserved for the trier of fact. Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.