CAROL A. LAUER, Appellant, v GARY W. CLAFFEY et al., Respondents.

Third Department, May 27, 1976

*Ingram & Ingram (Verner M. Ingram* of counsel), for appellant.

*Vincent F. Kirsch* for Gary W. Claffey and another, respondents.

*Leonard & Maginn* for John T. Lauer, respondent.

GREENBLOTT, J. P. Plaintiff Carol Lauer, while a passenger in an automobile owned and operated by her husband, John Lauer, sustained injuries as a result of an automobile accident between the Lauer vehicle and an automobile owned by Walter Claffey and operated by Gary Claffey. Plaintiff commenced an action for damages against defendants John Lauer and the Claffeys. John Lauer was represented by Herron. Lawler, Fischer & Hughers, counsel having been retained on his behalf by his insurer, Allstate Insurance Company. The Claffeys subsequently asserted a cross claim against John Lauer. On August 12, 1975 Lauer's attorneys moved at Special

Term for an order authorizing their withdrawal as attorneys for Lauer in the defense of the *Dole-Dow* cross claim; this appeal challenges the order granting the motion.

Subdivision 3 of section 167 of the Insurance Law provides that: "No policy or contract shall be deemed to insure against any liability of an insured because of death or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy."

After the decision in *Dole v Dow Chem. Co.* (30 NY2d 143), which permits apportionment among joint or concurrent tort-feasors, a question arose as to whether subdivision 3 of section 167 of the Insurance Law allowed an insurance company to disclaim its obligation to defend and indemnify the insured spouse, absent a specific clause to the contrary, where the insured spouse is made the object of a claim as a joint or concurrent tort-feasor. The issue was clearly resolved by the decision of the Court of Appeals in *State Farm Mut. Auto. Ins. Co. v Westlake* (35 NY2d 587), holding that *Dole* does not have the effect of limiting the language of the Insurance Law so as to create a contractual obligation which does not otherwise exist. Thus, notwithstanding *Dole v Dow Chem. Co. (supra)*, subdivision 3 of section 167 relieves an insurer of the obligation to defend an insured and indemnify him for injuries suffered by his spouse, unless an express provision relating thereto is included in the insurance policy.

We reject plaintiff's contentions that to allow the insurer to disclaim coverage under subdivision 3 of section 167 is a denial of due process and deprives her of equal protection of the law by depriving her of the right to claim damages against a financially secure defendant, a right granted to other plaintiffs in motor vehicle cases under New York law. The statute merely requires that if a person desires insurance coverage for injuries to an injured spouse sustained as a result of the negligence of the insured spouse, he or she must specifically contract for such coverage.

The order should be affirmed, without costs.

SWEENEY, KANE, HERLIHY and REYNOLDS, JJ., concur.

Order affirmed, without costs.