AMERICAN MOTORISTS INSURANCE COMPANY, Appellant-Respondent, v RICHARD SALVATORE et al., Respondents-Appellants.

First Department, June 26, 1984

APPEARANCES OF COUNSEL

*Samuel A. Almon* for appellant-respondent.

*Steven Troup* of counsel (*Robert Feldman, P. C.*, attorney), for Richard Salvatore and another, respondents-appellants.

*Frank T. Simeone* of counsel (*Kornfeld, Rew, Newman & Ellsworth*, attorneys), for Orange County Agents, Inc., respondent-appellant.

OPINION OF THE COURT

KASSAL, J.

On August 6, 1979, Susan Salvatore (Susan), a passenger in a vehicle owned by her and operated by her husband, Richard Salvatore (Richard), was injured in a one-car accident in New Jersey. At the time, American was the insurer of the vehicle under a policy obtained by Susan from Orange County Agents, Inc. (Orange County), some 5½ years prior to the accident. Following trial in the underlying negligence action, the jury returned a verdict in favor of Susan as against Richard only in the sum of $134,000.

In this declaratory judgment action, American Motorists Insurance Company (American), sought a declaration that it was not obligated to pay the judgment since the insurance policy contained no provision affording coverage for interspousal suits. In defending the action, the Salvatores interposed two affirmative defenses, (1) the failure of the insurer to give prompt notice of disclaimer, as required by subdivision 8 of section 167 of the Insurance Law, precluded the carrier from asserting that no coverage existed and (2) plaintiff was bound by representations made by its agent, Orange County, which had failed to procure a policy providing coverage "against all claims of whatsoever type by whomsoever asserted." In the alternative, a cross claim was interposed against codefendant, Orange County, for failing to procure the coverage which had been requested.

■ ■ On this record, we fail to perceive any basis to warrant denial of plaintiff's motion for a judgment declaring the rights of the parties that no insurance coverage existed under the policy issued by American for the injuries sustained by Susan. Further, the cross motion by

Orange County for summary judgment dismissing the cross claim should have been granted.

Subdivision 3 of section 167 of the Insurance Law expressly excludes from coverage the liability of the insured for death, personal injury and property damage claims by the insured's spouse where proof as to the culpable conduct of the insured is in issue, "unless express provision relating specifically thereto is included in the policy" (see *Lauer v Claffey*, 52 AD2d 275). The constitutionality of the statute was upheld in *Yankelevitz v Royal Globe Ins. Co.* (59 NY2d 928, 930), where the court found that the insured had "ample notice of the terms of the exclusion by virtue of the statutory provision itself, which is deemed included as a policy provision". The legislative provision, excluding interspousal claims unless the policy expressly declares that such coverage exists, has been held applicable to accidents occurring in New York and in other States (*New Amsterdam Cas. Co. v Stecker*, 3 NY2d 1).

█ Here, it is undisputed that the policy did not afford coverage for interspousal liability claims. Nor, in opposition to the motion, did Susan contend that she had requested such coverage. When she purchased the policy in March of 1974, she told "a woman employee" of Orange County that she "wanted a policy at least as extensive as the insurance I had previously had with Pennsylvania General." The record does not disclose whether the coverage which she had in Pennsylvania, before she was married, included coverage for interspousal claims, although it appears that there is no Pennsylvania statutory provision similar to subdivision 3 of section 167 of the Insurance Law. While she allegedly relied upon the representation that she would be "afforded coverage for every conceivable claim regardless of who asserted such claim," the policy did not cover interspousal claims. The policy, renewed several times over a 5½-year period, was in the insured's possession throughout that period. As an insured, she was bound by the contents of the policy, including the statutory exclusion incorporated therein (see *Yankelevitz v Royal Globe Ins. Co., supra; Metzger v Aetna Ins. Co.*, 227 NY 411, 415-416; *Humble Oil & Refining Co. v Jaybert Esso Serv. Sta.*, 30 AD2d 952). As was held in *Metzger v Aetna Ins. Co.*

(*supra,* pp 415-416): "A mere reading of the policy would have made him and the plaintiff know the agreements the plaintiff was accepting and entering into. To hold that a contracting party, who, through no deceit or overbearing inducement of the other party, fails to read the contract, may establish and enforce the contract supposed by him, would introduce into the law a dangerous doctrine. Of course, the doctrine does not exist. It has often been held that when a party to a written contract accepts it as a contract he is bound by the stipulations and conditions expressed in it whether he reads them or not. Ignorance through negligence or inexcusable trustfulness will not relieve a party from his contract obligations."

Special Term, in passing upon the motion and cross motion for summary judgment, properly dismissed the first affirmative defense, holding subdivision 8 of section 167 of the Insurance Law, as to timely written notice of disclaimer, inapplicable here. The alternate doctrines of waiver or estoppel may not operate to create insurance coverage where none exists under the policy as written (*Zappone v Home Ins. Co.,* 55 NY2d 131; *Schiff Assoc. v Flack,* 51 NY2d 692; *Simpson v Phoenix Mut. Ins. Co.,* 30 AD2d 265). However, Special Term found triable issues with respect to the second affirmative defense, relating to alleged representations made to the insured as to the terms and coverage requested, including, *inter alia,* whether (1) interspousal coverage was obtainable in New York, (2) Orange County failed to procure specified insurance coverage and (3) Orange County was an authorized agent of the insurer or acted as an insurance broker.

It has been long recognized in this State that there is a distinction between insurance agents and brokers (see *Allen v German Amer. Ins. Co.,* 123 NY 6; *Northrup v Piza,* 43 App Div 284, 289, affd 167 NY 578; *Caccamise v Metropolitan Cas. Ins. Co.,* 252 App Div 521; 3 Richards, Insurance [5th ed], §§ 473, 474). The former acts as agent of an insurance carrier and the latter appears as representative of the insured. However, regardless of the capacity in which Orange County acted, either as the insurer's agent or an insurance broker and, therefore, an agent of the insured, on this record, there is no basis for liability either

against American or Orange County. The record is devoid of any proof to establish or even suggest, other than by conclusory assertion, that Orange County was American's agent. In the absence of some proof on that score, there is no basis to impose liability against American as principal. Moreover, the record is insufficient to raise a triable issue as to whether interspousal coverage could be obtained in New York from any insurance company. American's personal underwriting line supervisor has asserted that the Salvatore policy did not provide coverage for interspousal suits; American did not issue any policies providing such coverage; and "no insurance company writing automobile policies in the State of New York had such a provision in an automobile liability policy providing coverage for interspousal suits." Even assuming that Susan had actually requested such coverage, in the absence of some affirmative proof that such insurance could be secured, there is no basis to sustain liability as against either American, the carrier, or Orange County. (See *MacDonald v Carpenter & Pelton,* 31 AD2d 952, 954.)

Under established law in this State, an agent or broker may be held liable for neglect in failing to procure insurance, with liability limited to that which would have been borne by the insurer had the policy been in force (*Ell Dee Clothing Co. v Marsh,* 247 NY 392; *Spiegel v Metropolitan Life Ins. Co.,* 6 NY2d 91; *Joseph, Inc. v Alberti, Carleton & Co.,* 225 App Div 115, affd 251 NY 580; 16A Appleman, Insurance Law and Practice, § 8841; 3 Couch, Insurance [2d ed], § 25:46). The liability, it has been held, may either be based upon breach of contract or tort. However, in order to support a recovery, it must be demonstrated that coverage could have been procured prior to the occurrence of the insured event (*MacDonald v Carpenter & Pelton, supra,* p 954). Here, as observed, there was a total absence of proof on the part of the insured to establish the availability of such coverage for interspousal claims. The only proof in the record reflects the contrary conclusion, that American did not issue such coverage and that it was not obtainable from any other insurer in the State.

To defeat a motion for summary judgment, it was incumbent upon the opposing party to assemble and lay bare

affirmative proof to demonstrate that genuine triable issues of fact exist (*Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276, 281-282; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 290). A bona fide triable issue must be established (*Two Clinton Sq. Corp. v Gorin Stores,* 51 AD2d 643) and, reliance upon mere suspicion or surmise is insufficient (*Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338). Nor will conclusory or unsubstantiated assertions suffice. The issue must be shown to be real, not feigned since a sham or frivolous issue will not preclude summary relief (*Sprung v Jaffe,* 3 NY2d 539, 543; *Kornfeld v NRX Technologies,* 93 AD2d 772, 773, affd 62 NY2d 686). In this case, the record persuasively demonstrates that there are no real issues to be tried. The failure of the insured to offer proof in admissible form and her reliance upon "mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (*Zuckerman v City of New York,* 49 NY2d 557, 562).

Accordingly, the order, Supreme Court, New York County (Burton Sherman, J.), entered June 15, 1983, should be modified, on the law, to grant plaintiff's motion for summary judgment sustaining the disclaimer by the insurer on the ground that no coverage was afforded for interspousal liability claims, grant the cross motion by Orange County for summary judgment dismissing the amended complaint and the cross claim in the answer, and otherwise affirmed, without costs or disbursements.

CARRO, J. P., ASCH, FEIN and MILONAS, JJ., concur.

Order, Supreme Court, New York County, entered on June 15, 1983, unanimously modified, on the law, to grant plaintiff's motion for summary judgment sustaining the disclaimer by the insurer on the ground that no coverage was afforded for interspousal liability claims, and to grant the cross motion by Orange County for summary judgment dismissing the amended complaint and the cross claim in the answer, and otherwise affirmed, without costs and without disbursements.