■ SALVATORE SIMON, Doing Business as HOLLYWOOD'S FINEST VIDEO, Respondent, v COLONIAL STATES BROKERAGE CORP., Respondent, and INSURANCE COMPANY OF NORTH AMERICA, Appellant.—In an action, *inter alia,* to recover damages for the alleged breach of an insurance contract, the defendant insurance company appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated December 2, 1985, which, upon reargument, adhered to a prior order of the same court, dated July 3, 1985, which denied its motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, with costs, the motion is granted, and the complaint is dismissed.

The terms of the written policy of insurance embody the entire agreement between the parties and the insured is bound by those terms *(see, Metzger v Aetna Ins. Co.,* 227 NY 411; *American Motorists Ins. Co. v Salvatore,* 102 AD2d 342). "Contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous

the terms are to be taken and understood in their plain, ordinary and proper sense" *(Johnson v Travelers Ins. Co.,* 269 NY 401, 408).

At bar, the insurance policy consists of the three-page "declarations page" read in conjunction with the "Policy Booklet". By virtue of the declarations page, it is clear that the plaintiff was never afforded "OPTION IV" coverage, which offers coverage for burglary, robbery or other types of theft. Moreover, the "theft exclusion endorsement" which, by its terms, excludes all types of theft (including burglary and robbery) from coverage, is clearly the operative provision, and, therefore, the burglary loss sustained by the plaintiff in his video store is not covered by the insurance policy.

Before the rules governing the construction of ambiguous contracts are triggered, the court must find ambiguity in the policy *(see, Breed v Insurance Co.,* 46 NY2d 351). In short, the instant policy clearly defines the term "theft", and expressly sets forth the exclusion as it applies to the plaintiff. Thus, an interpretation of the policy must be resolved in the defendant's favor. The plaintiff has failed to raise a triable issue of fact with respect to the insurance coverage and therefor the defendant is entitled to summary judgment *(see, Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276). Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.