■ MYRON SPARBER et al., Respondents-Appellants, v A. M. SKIER AGENCY, INC., Doing Business as SKIER AGENCY, Appellant, and LLOYDS OF LONDON UNDERWRITERS et al., Respondents.—Order of the Supreme Court, New York County (Kristin Booth Glen, J.), entered on or about September 19, 1988, which, *inter alia*, granted the plaintiffs' motion for summary judgment against defendant A. M. Skier Agency, denied plaintiffs summary judgment as against defendants Lloyds of London, McGetrich and Wohlreich & Anderson, and granted the cross motion of those defendants for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

The plaintiffs sought to insure personal property including jewelry. Defendant Skier Agency, the broker, determined that such coverage would require the plaintiffs to own a class E safe in which to keep the jewelry. The broker voluntarily undertook to obtain the safe for the plaintiffs. It relied on the advice of George Stanton, an office furniture salesman, to be sure that the device selected by the plaintiffs was a class E safe, but the safe obtained was not a class E safe. Defendant Lloyds, on a policy underwritten by defendant Wohlreich & Anderson, denied coverage. This action ensued.

The policy contained a one-year contractual limitation of action. It is undisputed that this action was not begun within the required one-year period. Accordingly, summary judgment in favor of Lloyds and Wohlreich & Anderson was correctly granted. On appeal, plaintiffs' only argument on this point is that the use of the disjunctive "policy or certificate" in the binder gives them a choice of asserting the certificate (which contains no limitation of action) as the controlling document. This argument is meritless on its face. The provision for limitation of action in the policy itself is undisputed, uncontroverted and controlling.

Summary judgment in favor of the plaintiffs and against the broker was correctly granted. The broker failed in its obligation to obtain for the plaintiffs a safe that would satisfy the insurer's requirements. Having failed to do so, it cannot claim that its casual reliance on the advice of an office furniture salesman relieves it of its obligation, as a broker, to its insured *(American Motorists Ins. Co. v Salvatore,* 102 AD2d 342, 346).

Having determined that the plaintiffs' action against Lloyds and Wohlreich & Anderson is time barred, we need not reach the question of whether or not coverage was properly denied.

Concur—Kupferman, J. P., Ross, Milonas and Rosenberger, JJ.