■ NORMAN SCHONFELD, Appellant, v AETNA LIFE INSURANCE AND ANNUITY COMPANY, Respondent.—Order, Supreme Court, New York County (Beverly Cohen, J.), entered on or about August 29, 1991, which, in an action for reimbursement under a major medical insurance policy, granted defendant's motion for summary judgment, unanimously affirmed, without costs.

Summary judgment was properly granted since no issue of fact exists that the Eagle Hill School attended by plaintiff's dyslexic child is an academic institution, not a "hospital", as unambiguously defined in the policy (see, Zuckerberg v Blue Cross & Blue Shield, 108 AD2d 56, affd 67 NY2d 688; Simon v Colonial States Brokerage Corp., 128 AD2d 603). Given a policy that covers only defined medical treatments, not educational services, it does not avail plaintiff that a special education school, rather than a hospital, may be the "medically approved" and recognized method for remediating dyslexia. Concur—Milonas, J. P., Ellerin, Kassal and Rubin, JJ.