■ JUAN RODRIGUEZ, Respondent, v INVESTORS INSURANCE COMPANY OF AMERICA et al., Appellants. [607 NYS2d 329] —Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered July 1, 1992 upon a special jury verdict in favor of plaintiff and against defendant Michael A. Minichino in the sum of $40,000 plus interest and costs, unanimously reversed, on the law, the judgment vacated and the complaint dismissed, without costs.

Plaintiff, who operated a grocery store in Brooklyn, requested that his insurance broker, defendant Minichino, obtain fire insurance on the premises in the amount of $250,000. Defendant obtained a policy from defendant Investors Insurance Company of America on the representation, obtained from plaintiff's prior policy, that the premises consisted of 2,900 square feet; however, Investors would underwrite only $150,000 worth of coverage. Defendant then obtained an additional $50,000 policy from New York Property Insurance Underwriting Association and arranged financing for both policies through defendant Star Premium Financing. Thereafter, Investors inspected the premises and found that it was 5,000 square feet, not 2,900 as stated in plaintiff's previous policy.

By letter dated December 9, 1985, Investors cancelled the policy, effective January 11, 1986, for "underwriting judgment [sic]-poor inspection report." Thereafter, the policy was also cancelled, effective January 23, 1986 for nonpayment of premiums. Defendant never obtained a replacement for the cancelled policy and, after plaintiff's store was devastated by fire on February 4, 1986, plaintiff's claim was rejected.

There was conflicting testimony regarding defendant's representations to plaintiff about his attempts to reinstate the policy prior to the fire; nevertheless, in its special verdict, the jury found that defendant Minichino was negligent by failing to procure adequate insurance for plaintiff's needs and by his later conduct leading plaintiff to believe that prior to the loss he was covered and that his negligence was a proximate cause of the loss sustained by plaintiff. It further found that a contract existed between the parties wherein defendant agreed either expressly or by conduct that as plaintiff's insurance broker, he would procure insurance that would ade-

quately meet plaintiff's needs as a supermarket. The jury found that defendant breached such contract.

However, although it is well established in this State that a broker may be held liable, based upon either breach of contract or tort, for neglect in failing to procure insurance, in order to support such a recovery it must be demonstrated that the coverage sought could have been procured prior to the fire *(American Motorists Ins. Co. v Salvatore,* 102 AD2d 342, 346).

Here, no evidence was adduced to show that plaintiff could have obtained insurance to replace the cancelled policy and, therefore, proof of a necessary element for plaintiff's recovery —proximate cause—was lacking. Although defendant broker did not seek to determine from the insurance companies whether they would issue coverage based upon plaintiff's assertion that he did not use the entire 5,000 square foot area of his store, it was not defendant's burden to offer any evidence in this respect. Plaintiff did not prove Investors would have covered the greater area for a larger premium, and the only evidence in this regard was that any offer would have been to no avail inasmuch as plaintiff had no intention of paying an additional premium. Concur—Ellerin, J. P., Wallach, Kupferman and Rubin, JJ.