■ JOSEPH M. BROWNSTEIN et al., Respondents, v TRAVELERS COMPANIES, Defendant, and VICTOR GRANT, Doing Business as B.V. INSURANCE AGENCY, Also Known as B.V. GRANT'S INSURANCE AGENCY, Appellant. [652 NYS2d 812] —Peters, J. Appeal from that part of an order of the Supreme Court (Viscardi, J.), entered February 13, 1996 in Warren County, which, denied a motion by defendant Victor Grant for summary judgment dismissing the complaint against it.

This negligence and breach of contract action against defendant Victor Grant, doing business as B.V. Insurance Agency, also known as B.V. Grant's Insurance Agency (hereinafter the Grant Agency) stems from the issuance of insurance covering a secondary home purchased by plaintiff in May 1987. In seeking to obtain coverage, plaintiff Joseph M. Brownstein spoke with Gretchen Grant and Victor Grant, an employee and owner, respectively, of the Grant Agency. Brownstein's affidavit reveals that he "specifically requested a homeowner's policy" when he spoke to Victor Grant, who took the application over the telephone. After providing other information regarding the use of the residence, the application for insurance was submitted to defendant Travelers Companies, which ultimately wrote a policy of insurance called the "Homesaver Policy" designed to cover only enumerated perils.[1] According to the Grant Agency and Travelers, this policy was typically issued for seasonal and secondary homes. It is uncontested that although plaintiffs received such policy in 1987, they never read it.

---

1. The enumerated, covered perils were (1) fire and lightning, (2) windstorms or hail, (3) explosions, (4) riot and civil commotion, (5) aircraft, (6) vehicles, (7) smoke, and (8) vandalism.

In December 1989, Brownstein made an additional application for insurance to the Grant Agency since plaintiffs had removed various buildings thereon and constructed a larger home. Plaintiffs were thus issued a new Homesaver Policy from Travelers in 1991. The status of the home as a seasonal or secondary residence did not change. Again, it is uncontested that plaintiffs never read or reviewed any part of their new policy from its issuance until March 1993.

In March 1993, plaintiffs sustained water damage to their home when the pipes burst due to a faulty heat pump. After promptly reporting the loss to the Grant Agency, Travelers denied coverage contending that it was not a "covered" peril. Plaintiffs thus commenced the instant action in September 1993 seeking a declaration that such loss was, in fact, covered under the policy issued by Travelers and that the denial of coverage was made in bad faith. As against the Grant Agency, plaintiffs contended that it breached its contract with them by failing to procure a policy which would cover against such loss and that they failed to "use the skill and care required of an expert in the insurance agency field when procuring and issuing said insurance policy".

After joinder of issue, both the Grant Agency and Travelers moved for summary judgment. Although Supreme Court granted the motion made by Travelers, finding that the loss sustained did not occur as a result of one of the enumerated perils, it denied the motion made by the Grant Agency.[2] The Grant Agency appeals.

The allegations of negligence against the Grant Agency in the performance of its contractual obligations are governed by a six-year Statute of Limitations (*see, National Life Ins. Co. v Hall & Co.*, 67 NY2d 1021; *Video Corp. v Flatto Assocs.*, 58 NY2d 1026). Here, it is uncontested that due to the extensive renovations undertaken by plaintiffs, they requested additional insurance which resulted in the issuance of a new policy in 1991. Since the instant action was commenced in September 1993 and pertained to property covered under the new policy, we find Supreme Court to have correctly concluded that the action was timely (*see, Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399; *Kronos, Inc. v AVX Corp.*, 81 NY2d 90; *Lieberthal v Agency Ins. Brokers*, 216 AD2d 816).

Notwithstanding the timeliness of the action, we find that Supreme Court erred in its refusal to dismiss the complaint

---

2. Plaintiffs did not appeal the award of summary judgment to Travelers. Therefore, the issue of whether the bursting of frozen pipes constitutes one of the perils enumerated by the subject policy is not before us.

against the Grant Agency. Defendants' proffer was that plaintiffs had, at all times, requested a homeowner's policy for their newly constructed home that they intended to use on a seasonal basis. Upon such facts, the Grant Agency procured the type of coverage typically provided for a seasonal or secondary residence. Recognizing that it had "no duty to 'advise, guide [or] direct' plaintiffs to obtain coverage other than that requested" (*Rogers v Urbanke*, 194 AD2d 1024, 1025, quoting *Harnish v Naples & Assocs.*, 181 AD2d 1012, 1013) and that plaintiffs had such policy in their possession for approximately three years and admittedly never read or reviewed any part of it, " 'in the absence of fraud or other wrongful act on the part of the other contracting party, [plaintiffs are] conclusively presumed to know its contents and to [have] assent[ed] to them' " (*Blake Realty v Gilligan*, 155 AD2d 816, 817, quoting *Fiorentino Assocs. v Green*, 85 AD2d 419, 420).

Brownstein's affidavit indicates that while he contends that he requested a homeowner's policy, his belief that the instant type of loss would be covered was not based upon a specific assurance but upon his subjective understanding, culled from the contents of his phone conversation with the Grant Agency, that the type of insurance it would procure for a seasonal or secondary residence would be a multiperil policy. With no evidence that Brownstein was specific in his request to insure against this type of loss or that there was a failure to procure specifically requested insurance, we find that plaintiffs failed to raise a triable issue of fact (*see*, *Andriaccio v Borg & Borg*, 198 AD2d 253).

Accordingly, we hereby modify Supreme Court's order with respect to the Grant Agency by reversing that part which failed to dismiss the complaint and, as so modified, we affirm.

Mikoll, J. P., Yesawich Jr. and Spain, JJ., concur. Ordered that the order is modified, with costs to defendant Victor Grant, by reversing so much thereof as denied defendant Victor Grant's motion; said motion granted, summary judgment awarded to defendant Victor Grant and complaint dismissed against it; and, as so modified, affirmed.

