■ JOSEPH GORGONE, Appellant, v REGENCY AGENCY, INC., et al., Respondents. [656 NYS2d 622] —Order of the Supreme Court, New York County (Paula Omansky, J.), entered on June 6, 1996, which, *inter alia*, denied plaintiff's motion for summary judgment, is unanimously reversed to the extent appealed from, on the law, with costs and disbursements, and the motion granted insofar as defendants' liability is concerned.

On November 15, 1989, plaintiff Gorgone went to the defendant Regency Agency and requested that his broker, defendant Aquilino, increase the underinsurance coverage on his existing policy from $10,000 per person, $20,000 per accident to $250,000 per person, $500,000 per accident, to become effective immediately. The expiration date of the initial policy was December 12, 1989. Plaintiff filled out the necessary paperwork and tendered additional premiums to Aquilino that day. Also on that day, Aquilino completed a policy change form and sent it the New York Automobile Insurance Plan via "TML" telephone transmittal to the Plan. The electronic telephone transmittal was sent on November 15, 1989 and contained the date and time of the transmittal, to whom sent, the subject, the producer's certification number and license number, the applicant's name, address, vehicle identification number and insurance information. At the top of the telephone transmittal, Aquilino wrote: "Please effect the coverage set forth below for the applicant named herein as of the date and time of the transmission of this message."

However, the very last line of the transmittal states: "NOTES: EFFDATE: 891212", i.e., December 12, 1989. Defendants concede that they informed plaintiff that the increased coverage was in place on November 15, 1989. On December 2, 1989, Mr. Gor-

gone was in an accident with a taxicab and sustained severe injuries. After filing a claim with the taxi's insurer, plaintiff received $10,000, the maximum available under that policy. Upon plaintiff's notification to State Farm that he was making a claim pursuant to the underinsured motorist provision of his policy, State Farm denied coverage, claiming that the enhanced underinsurance policy limits did not come into effect until December 12, 1989, 10 days after the accident. A motion for summary judgment against State Farm in a related action was denied on the ground there were issues whether the instant defendants secured the increased coverage and whether State Farm received proper notice of the change in coverage, and shortly thereafter, plaintiff began this action.

Plaintiff's motion for summary judgment against his insurance brokers, the defendants herein, was denied by the IAS Court on the ground that a number of issues of fact remained. While we agree that there may be issues as between State Farm and the defendants herein, these do not implicate the liability of defendants to plaintiff.

It is well established that an agent or broker may be held liable for failing to procure insurance, with the liability limited to that which would have been borne by the insurer had the policy been in force (*Ell Dee Clothing Co. v Marsh*, 247 NY 392; *American Motorists Ins. Co. v Salvatore*, 102 AD2d 342, 346). A broker who negligently fails to procure a policy stands in the shoes of the insurer, and is liable to indemnify the plaintiff for any judgment which would have been covered by the policy (*supra*). It must be shown that the coverage sought could have been procured prior to the occurrence of the event (*Rodriguez v Investors Ins. Co.*, 201 AD2d 355; *American Motorists Ins. Co. v Salvatore, supra*, at 346). Defendants do not contest that plaintiff could have obtained the requested coverage. Nor is there any dispute that plaintiff specifically requested the change and paid the premium. The only issues which remain, therefore, are those between State Farm and defendants. Defendants' fiduciary obligations to plaintiff should not be avoided or even delayed by allegations made against a third party.

Finally, the IAS Court's determination that summary judgment was inappropriate because the evidence did not establish whether plaintiff's damages exceeded $10,000, a prerequisite for recovery pursuant to the underinsurance provision (Insurance Law § 3420 [f] [2] [A]), was not supported by the record. Plaintiff's moving papers included his medical and hospital records and his verified Bill of Particulars. Further, as plaintiff

notes, due to the fact that his settlement with the taxi's insurer equaled the full amount of insurance available and was approved by State Farm, there was no dispute as to the extensive nature of his injuries. In any event, the court was not required to calculate damages suffered, but simply to find that coverage existed and direct a hearing on damages. Concur—Milonas, J. P., Ellerin, Nardelli and Tom, JJ.