◼ TRANSAMERICA INSURANCE FINANCE CORPORATION, Plaintiff, v IRON EAGLE CONTRACTING CORP., Appellant-Respondent, and CENTERPORT INSURANCE AGENCY, INC., et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. NATIONAL UNION FREE INSURANCE COMPANY, Third-Party Defendant-Respondent-Appellant. [691 NYS2d 98] —In an action to recover an insurance premium, (1) the defendant Iron Eagle Contracting Corp. appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered April 27, 1998, as denied its motion for summary judgment on its cross claims against Centerport Insurance Agency, Inc., (2) Centerport Insurance Agency, Inc., and Michael K. Kennedy cross-appeal from so much of the same order as denied their cross motion for summary judgment against the third-party defendant National Union Fire Insurance Company, and (3) National Union Fire Insurance Company cross-appeals from so much of the same order as denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed insofar as appealed from, and the motion of Iron Eagle Contracting Corp. is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that Iron Eagle Contracting Corp. is awarded one bill of costs payable by Centerport Insurance Agency, Inc.

Iron Eagle Contracting Corp. (hereinafter Iron Eagle) is entitled to summary judgment on its cross claims since Centerport Insurance Agency, Inc. (hereinafter Centerport), concedes that it was obligated to obtain a policy with a premium based on payroll and that it did not provide such a policy (*see, Tucci v Hartford Cas. Ins. Co.,* 167 AD2d 387). The Supreme Court erred in denying the motion on the ground that Iron Eagle did not establish that the coverage it requested could be procured, since Centerport did not contest the availability of the coverage and Iron Eagle had obtained such coverage from other carriers (*see, Gorgone v Regency Agency,* 238 AD2d 265; *cf., American Motorists Ins. Co. v Salvatore,* 102 AD2d 342, 346).

However, the cross motions for summary judgment by Centerport and National Union Fire Insurance Company (hereinafter National Union) were properly denied since there are factual issues which must be resolved before determining whether National Union was required to provide the coverage which its agent promised would be obtained (*see, Neil Plumbing & Heating Constr. Corp. v Providence Wash. Ins. Co.,* 125 AD2d 295, 297), or whether the written policy controlled (*see, Simon v Colonial States Brokerage Corp.,* 128 AD2d 603). O'Brien, J. P., Florio, H. Miller and Smith, JJ., concur.