■ TWIN TIERS EYE CARE ASSOCIATES, P. C., Appellant, v FIRST UNUM LIFE INSURANCE COMPANY et al., Respondents. [705 NYS2d 466] —Order unanimously affirmed with costs. Memorandum: Plaintiff, a professional corporation engaged in the practice of ophthalmology, commenced this action against defendant First Unum Life Insurance Company (First Unum), the issuer of two policies of professional business overhead expense/disability insurance, alleging First Unum's breach of contract in failing to pay benefits under the policy on account of the disability of plaintiff's employee (and former shareholder), Dr. Steven D. Salsburg. Plaintiff also sued defendants Sedgwick James of New York, Inc. (Sedgwick James) and Charles J. Sellers & Co., Inc. (Sellers), two insurance agents, alleging their negligence in failing to advise plaintiff to obtain proper coverage, and their breach of their contractual obligation to render insurance agency services. Plaintiff appeals from an order granting defendants' motions for summary judgment dismissing the complaint and denying plaintiff's cross motion for partial summary judgment on liability.

Supreme Court properly dismissed the complaint as against First Unum. The policy, issued when Dr. Salsburg was a shareholder, unambiguously insured against the risk that Dr. Salsburg would become totally disabled and would, during his total disability, "incur" certain expenses in the operation of his ("Your") office. At the time a claim was made, however, Dr. Salsburg, a nonshareholder in the practice, was not "regularly liable" for, and could not "actual[ly] incur," any monthly overhead expense during the period of his disability. It is well

established that an insured's nonownership of a business or professional practice, or an insured's sale of an ownership interest prior to the period of total disability, will defeat a claim under a business overhead/disability policy (*see, Richardson v Guardian Life Ins. Co.*, 161 Ore App 615, 619-622, 984 P2d 917, 921-922, *review denied* 329 Ore 553, 994 P2d 129; *Wilson v Monarch Life Ins. Co.*, 971 F2d 312, 313; *Paul Revere Life Ins. Co. v Klock*, 169 So 2d 493, 495, *cert denied* 173 So 2d 148 [Fla]).

The court also properly dismissed the complaint as against the agents. The record establishes that Sellers did not procure the disability policies that are the subject of this action, was not asked to procure them, and had no dealings with plaintiff or Dr. Salsburg at or near the time that the policies were issued. Absent a request by the insured, an insurance agent cannot be held liable for failure to procure coverage (*see, M & E Mfg. Co. v Frank H. Reis, Inc.*, 258 AD2d 9, 11-12; *Madhvani v Sheehan*, 234 AD2d 652, 654).

Similarly, there is no basis for imposition of liability against Sedgwick James, which did procure the issuance of the policies that are the subject of this suit. Plaintiff alleges that Sedgwick James "failed to advise, guide and direct [plaintiff] to obtain the proper coverage for business overhead expense insurance for [plaintiff's] physician employees." It is well established that the duty of an insurance agent is to obtain requested insurance coverage for its client within a reasonable time or to inform the client of its inability to do so (*see, Murphy v Kuhn*, 90 NY2d 266, 270). Here, Sedgwick James obtained the requested insurance coverage, thereby discharging its duty. An insurance agent has no continuing duty to advise, guide or direct a client to obtain additional or different coverage (*see, Murphy v Kuhn, supra*, at 270).

In view of our determination, there is no need to consider the parties' contentions with regard to the Statute of Limitations. (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Summary Judgment.) Present—Green, J. P., Pine, Hayes and Kehoe, JJ.