■ Richard L. Frost, Doing Business as Apple Tree Homes, Appellant, v Mayville Tremaine, Inc., et al., Respondents. [750 NYS2d 398] —Appeal from an order of Supreme Court, Chautauqua County (Gerace, J.), entered July 26, 2001, which denied plaintiff's motion for partial summary judgment, granted defendants' cross motion for summary judgment and dismissed the action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff, Richard L. Frost, doing business as Apple Tree Homes, owned and operated a mobile home sales and service business. He sold a mobile home to Edward and Bonnie Van Wie (buyers) under a purchase agreement providing that title would remain with plaintiff until payment of the purchase price in full, execution of a retail installment contract, or execution of a security agreement and acceptance thereof by a financing agency. Upon the happening of any one of those events, title would pass to the buyers even though actual physical delivery of the mobile home might not occur until a later date. The buyers executed a credit line mortgage with a financing agency, and after the mortgage was properly recorded plaintiff delivered the mobile home to a lot owned by the buyers. Shortly after plaintiff's subcontractors connected the utilities in the buyers' mobile home, a water valve in one of the bathrooms malfunctioned, flooding the mobile home with water and causing damage. At the buyers' insistence, plaintiff replaced the buyers' mobile home and eventually resold the damaged mobile home for $10,000 below the invoice price. The manufacturer of the mobile home denied plaintiff's claim for coverage under the manufacturer's warranty, and plaintiff's insurance company denied the claim that plaintiff subsequently filed with it. Plaintiff then commenced this action against defendants, Mayville Tremaine, Inc. and Robert Okerlund, individually and as principal officer of Mayville Tremaine, Inc., from whom plaintiff purchased his insurance policy, alleging that he had relied upon defendants' representations that the insurance policy would cover losses of the type that plaintiff sustained as a result of the damage to the buyers' mobile home.

Contrary to plaintiff's contention, Supreme Court properly granted defendants' cross motion for summary judgment and dismissed the action. Defendants established that, based upon the transfer of title of the mobile home to the buyers before plaintiff's subcontractors performed any work on it, the only coverage that could have applied to plaintiff's losses is "garage-keepers coverage," which generally provides coverage for dam-

age to property under the control, care or custody of the insured, regardless of ownership. Defendants further established that plaintiff either did not request such coverage or affirmatively refused to purchase such coverage during his meeting with Okerlund regarding insurance. Absent a specific request to advise and act, an insurance agent does not have a "continuing duty to advise, guide or direct a client to obtain additional coverage" (*Murphy v Kuhn*, 90 NY2d 266, 270; *see Twin Tiers Eye Care Assoc. v First Unum Life Ins. Co.*, 270 AD2d 918, 919, *lv denied* 95 NY2d 758). Furthermore, a general request for insurance does not trigger a duty to recommend coverage for every possible scenario (*see Nicholas J. Masterpol, Inc. v Travelers Ins. Cos.*, 273 AD2d 817, 818), and an agent's duty is defined by the nature of the request that a customer makes to the agent (*see Chase's Cigar Store v Stam Agency*, 281 AD2d 911). The deposition testimony of plaintiff that he made a general request for insurance and did not request specific insurance coverage from Okerlund is insufficient to establish a duty on the part of defendants to provide garagekeepers coverage to plaintiff. In addition, we note that plaintiff's deposition testimony is belied by the fact that plaintiff maintained his license as an insurance broker, had previously owned an insurance agency, and had sold insurance policies to mobile home dealers. Present—Pigott, Jr., P.J., Hayes, Kehoe, Burns and Lawton, JJ.