■ ROBERT LACONTE et al., Respondents, v BASHWINGER INSURANCE AGENCY, Appellant. [758 NYS2d 562] —Peters, J. Appeal from an order of the Supreme Court (Best, J.), entered February 28, 2002 in Montgomery County, which denied defendant's motion for summary judgment dismissing the complaint.

For over a decade defendant's owner, William Bashwinger, acted as plaintiffs' insurance agent procuring various policies covering their home, vehicles and business. Plaintiffs contend that throughout their relationship, they relied upon Bash-

winger to make additions or deletions to their policies as requested; they never read their policies and paid the premiums as billed.

According to plaintiff Robert Laconte, he went to Bashwinger's office in September 1996 to add coverage on plaintiffs' homeowner's policy for jewelry he had purchased. Finding that Bashwinger was not in, he gave Bashwinger's secretary a manila envelope containing appraisals and photographs of the jewelry with instructions to procure additional coverage; she assured him that Bashwinger would process the changes. Laconte did not follow up on his request. It is undisputed that plaintiffs received a copy of their homeowner's policy, effective April 13, 1997, that contained a schedule of personal property which did not include the additional jewelry.

In May 1997, plaintiffs discovered that the jewelry appraised and photographed for defendant had been stolen. When they sought to file a claim under their homeowner's policy, plaintiffs were informed that the additional coverage had not been procured. Plaintiffs commenced this action seeking to hold defendant liable. After joinder of issue and discovery, defendant unsuccessfully moved for summary judgment. This appeal ensued.

While " 'insurance agents have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so' " (*Arthur Glick Truck Sales v Spadaccia-Ryan-Haas, Inc.*, 290 AD2d 780, 781 [2002], quoting *Murphy v Kuhn*, 90 NY2d 266, 270 [1997]; *see Kyes v Northbrook Prop. & Cas. Ins. Co.*, 278 AD2d 736, 737 [2000]), absent fraud or other wrongful conduct on the part of the insurance agent, an insured is conclusively presumed to know the contents of an insurance policy concededly received, even though the insured did not read or review it (*see Brownstein v Travelers Cos.*, 235 AD2d 811, 813 [1997]; *see also Hess v Baccarat*, 287 AD2d 834, 836 [2001]; *Rogers v Urbanke*, 194 AD2d 1024, 1024-1025 [1993]). While we have recognized exceptions to this presumption where there is an affirmative misrepresentation made by an insurance agent regarding coverage (*see Kyes v Northbrook Prop. & Cas. Ins. Co., supra*) or a failure by such agent to correct a clear misimpression created by the binder or policy (*see Arthur Glick Truck Sales v Spadaccia-Ryan-Haas, Inc., supra*), those situations were not presented here. Accordingly, without evidence sufficient to overcome plaintiffs' presumptive knowledge of the contents of their policy, we find error in the denial of defendant's motion for summary judgment.

Mercure, J.P., Crew III, Rose and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.