■ Thomas Stone, Respondent, v Rullo Agency, Inc., Appellant. [834 NYS2d 588]—

Rose, J. Appeal from an order of the Supreme Court (Teresi, J.), entered October 16, 2006 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff asserts causes of action for breach of contract and negligence against defendant, an insurance agency, based upon defendant's alleged failure to procure full coverage for his collection of artwork and other similarly unique items of personal property in obtaining a homeowner's insurance policy for him. While plaintiff alleges that defendant was aware that the contents of his home were expensive and included such items, he concedes that he did not specifically schedule them on his application for insurance. The policy purchased through defendant provided replacement value coverage for most personal property, but expressly excluded "articles of art or rarity that cannot be duplicated." These items were apparently covered only under the more restrictive actual cash value provisions of the policy. As a result of the exclusion, plaintiff did not receive payment of replacement value for his works of art after his home and its contents were destroyed by fire. Following plaintiff's examination before trial, at which he admitted that he had not read the policy obtained, defendant moved for summary judgment dismissing the complaint. Supreme Court denied defendant's motion and defendant now appeals.

Under the circumstances here, plaintiff's failure to read the policy and specifically request additional coverage for his artwork is fatal to his causes of action. This is so even if, as Supreme Court found, defendant may have had reason to know that plaintiff's possessions included such items (*see Laconte v Bashwinger Ins. Agency*, 305 AD2d 845, 846 [2003]). Once plaintiff received the policy, he was presumed to have known its contents—including its exclusion of certain types of personal property from replacement value coverage—and to have assented to them (*see M & E Mfg. Co. v Frank H. Reis, Inc.*, 258 AD2d 9, 12 [1999]; *Brownstein v Travelers Cos.*, 235 AD2d 811, 813 [1997]). This " 'conclusive presumptive knowledge of the terms and limits of [the policy],' " defeats his causes of action for negligence and breach of contract as a matter of law (*Catalanotto v Commercial Mut. Ins. Co.*, 285 AD2d 788, 790-791 [2001], *lv denied* 97 NY2d 604 [2001], quoting *Rogers v Urbanke*, 194 AD2d 1024, 1024-1025 [1993]; *see Laconte v Bashwinger*

*Ins. Agency, supra* at 846; *Brownstein v Travelers Cos., supra* at 813). Thus, we are constrained to reverse Supreme Court's denial of defendant's motion. As a result of our conclusion, it is not necessary to consider defendant's remaining contentions.

Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.