██ CATSKILL MOUNTAIN MECHANICAL, LLC, Respondent-Appellant, v MARSHALL AND STERLING UPSTATE, INC., Appellant-Respondent. [857 NYS2d 353]—

Stein, J. Appeals (1) from an order of the Supreme Court (Benza, J.), entered September 21, 2004 in Albany County, which, among other things, denied defendant's motion for summary judgment dismissing the complaint, and (2) from an order of said court (McNamara, J.), entered March 1, 2007, which denied plaintiff's motion to vacate a conditional order of preclusion and to reinstate the action to the trial calendar.

Plaintiff first obtained insurance from defendant, an insurance agency, in connection with plaintiff's business of sheet metal fabrication in 1994. From 1994 to 2001, plaintiff obtained and renewed various insurance policies through defendant, including liability and workers' compensation insurance. In 1998, plaintiff was approached by another company about providing a service of "cleaning out" ships, a process in which cement is vacuumed out by stevedores, using a piece of heavy equipment called a Kovako, which is located on a floating barge. Plaintiff began performing this operation on a regular basis in the spring of 1999. Plaintiff's owner alleges that he contacted defendant by telephone to request insurance coverage for the new operation and that defendant's agent almost immediately called him back and advised him that the necessary coverage had been obtained. Plaintiff's owner also alleges that he had several subsequent conversations with defendant's agents, in which the specific nature of plaintiff's new business was discussed in detail, although there are no allegations that those conversations concerned insurance coverage. Defendant's representatives dispute the alleged telephone conversations and assert that they were unaware of the nature of the business.

In any event, after the alleged telephone calls, plaintiff received an endorsement to its insurance policy which contained only a longshoreman's clause for workers' compensation coverage involving operations near water. The addition of the longshoreman's clause did not require any increase in the premium. Plaintiff's owner acknowledged that he received that endorsement and failed to read it. He also acknowledged that he had received other policy renewals, endorsements, certificates of

insurance and insurance summaries which did not contain any reference to cement unloading. In October 2000, the Kovako was damaged and plaintiff made an insurance claim, which was denied on the basis of lack of coverage.

Plaintiff commenced this action against defendant for failure to provide sufficient liability coverage. In May 2004, after the completion of discovery, including motions related thereto, defendant moved for summary judgment, and plaintiff cross-moved for summary judgment. In September 2004, Supreme Court (Benza, J.) denied both motions on the basis that there were questions of fact regarding whether plaintiff had the right to rely on defendant's "presumed obedience to his instructions," which would rebut the presumption that plaintiff knew the contents of the insurance policy in effect at the time of the damage to the Kovako.

In March 2005, three days prior to trial, defendant made a motion in limine seeking to preclude plaintiff from offering evidence at trial concerning alleged conversations between the parties, based on a prior conditional order of preclusion. Plaintiff opposed the motion and cross-moved to vacate the conditional order of preclusion. Supreme Court (McNamara, J.) denied plaintiff's cross motion and, sua sponte, converted defendant's motion to one for summary judgment, orally granted the motion and dismissed the complaint on the basis that plaintiff could not make a prima facie case on liability or damages without the precluded evidence.

In March 2006, plaintiff moved for an order reinstating the action to the trial calendar and vacating the conditional order of preclusion. By order entered March 1, 2007, Supreme Court denied the motion. Plaintiff now appeals from that order, and defendant appeals from the September 2004 order denying its summary judgment motion.

We find that Supreme Court (Benza, J.) erred in denying defendant's motion for summary judgment. "While insurance agents have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so, absent fraud or other wrongful conduct on the part of the insurance agent, an insured is conclusively presumed to know the contents of an insurance policy concededly received, even though the insured did not read or review it" (*Laconte v Bashwinger Ins. Agency*, 305 AD2d 845, 846 [2003] [internal quotation marks and citations omitted]). We have recognized exceptions to this presumption only in limited circumstances, such as where the agent failed to correct a clear misimpression created by the binder or policy (*see Arthur Glick*

*Truck Sales v Spadaccia-Ryan-Haas, Inc.*, 290 AD2d 780 [2002]) or where the agent made an affirmative misrepresentation regarding coverage in response to questioning by the client after reviewing the policy (*see Kyes v Northbrook Prop. & Cas. Ins. Co.*, 278 AD2d 736 [2000]).

Here, the alleged misrepresentation was made before plaintiff received the endorsement, plaintiff received but did not read the endorsement, the absence of the desired coverage was readily apparent, and the circumstances (i.e., no increase in premium) were such that a reasonable person would have questioned the agent further. We decline to create a further exception to the general rule under these circumstances. Therefore, as there are no triable issues of fact, defendant is entitled to judgment as a matter of law. In light of this determination, plaintiff's appeal is rendered academic.

Cardona, P.J., Carpinello, Rose and Malone Jr., JJ., concur. Ordered that the order entered September 21, 2004 is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion; motion granted, summary judgment awarded to defendant and complaint dismissed; and, as so modified, affirmed. Ordered that the appeal from the order entered March 1, 2007 is dismissed, as academic, without costs.