(October 8, 2010)

CHRISTINA L. HERDENDORF, Respondent, v GEICO INSURANCE COMPANY, Appellant. CHRISTINA L. HERDENDORF, Respondent, v JESSE JANSKY et al., Appellants. [909 NYS2d 277]—

Appeal from an order of the Supreme Court, Erie County

(Frank A. Sedita, Jr., J.), entered June 16, 2009. The order, insofar as appealed from, denied the motion of defendants for summary judgment dismissing the complaints.

It is hereby ordered that the order so appealed from is affirmed without costs.

Memorandum: Plaintiff commenced an action seeking supplementary underinsured motorists (SUM) coverage under an automobile insurance policy and an umbrella insurance policy issued by defendant GEICO Insurance Company (GEICO) to plaintiff's parents. Plaintiff subsequently commenced a second action seeking SUM coverage for the full amount of the umbrella policy. Defendants moved for summary judgment dismissing the complaints "[b]ased upon the undisputed fact that [GEICO] has never offered SUM coverage under its umbrella policies in New York State." Supreme Court denied the motion, and we affirm.

At the outset, we agree with defendants that the umbrella policy at issue is not ambiguous and does not provide SUM coverage (*see Matter of Utica Mut. Ins. Co. [Leno]*, 214 AD2d 980 [1995], *lv denied* 86 NY2d 708 [1995]; *Connolly v St. Paul Fire & Mar. Ins. Co.*, 198 AD2d 652, 653 [1993]). The umbrella policy stated that it would pay damages on behalf of an insured arising out of an occurrence, and damages were defined as the total of, inter alia, "damages an *insured* must pay . . . because of *personal injury* or *property damage* covered by [the umbrella] policy." The umbrella policy contained exclusions for damages resulting from "[*p*]*ersonal injury* to any *insured*" and for "[*p*]*ersonal injury* or *property damage* resulting from an . . . underinsured motorist claim unless a premium is shown for the [SUM] coverage in the declarations," and that is not the case here.

Plaintiff's misreading of the declarations page of the umbrella policy did not create an ambiguity in that policy, and plaintiff erroneously relies on extrinsic evidence in an attempt to create an ambiguity. "[E]xtrinsic and parol evidence is not admissible to create an ambiguity in a written agreement [that] is complete and clear and unambiguous upon its face" (*Intercontinental Planning v Daystrom, Inc.*, 24 NY2d 372, 379 [1969], *rearg denied* 25 NY2d 959 [1969]; *see South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 278 [2005]). Contrary to plaintiff's contention, the failure of defendants to issue a timely disclaimer does not alone warrant denial of the motion (*see* Insurance Law § 3420 [former (d)]). A "[d]isclaimer pursuant to section 3420 [(former [d])] is unnecessary when a claim falls outside the scope of the policy's coverage portion" (*Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188 [2000]), and that is the case here. The exclusions relied upon by defend-

ants "simply reinforce[ ] the provision" that the umbrella policy provides coverage only for those damages that the insured must pay (*New York Mut. Underwriters v Baumgartner*, 19 AD3d 1137, 1140 [2005]). Indeed, this case does not present "a situation in which the claim would be covered but for the policy exclusion[s]" (*id.*).

We nevertheless reject defendants' contention that the court erred in denying the motion. Plaintiff alleged in the second action that the failure of GEICO to provide SUM coverage was based on the "errors and omission" of its agent, defendant Jesse Jansky, in failing to obtain SUM coverage or to notify the policyholders of his inability to do so. An insurance agent " 'may be held liable, based upon either breach of contract or tort, for neglect in failing to procure insurance' " (*Mott v New York Prop. Ins. Underwriting Assn.*, 209 AD2d 981, 981 [1994]; *see Rodriguez v Investors Ins. Co. of Am.*, 201 AD2d 355 [1994]; *American Motorists Ins. Co. v Salvatore*, 102 AD2d 342, 346 [1984]). "[A] general request for insurance does not trigger a duty to recommend coverage for every possible scenario" (*Frost v Mayville Tremaine*, 299 AD2d 839, 840 [2002]; *see Catalanotto v Commercial Mut. Ins. Co.*, 285 AD2d 788, 790 [2001], *lv denied* 97 NY2d 604 [2001]; *Empire Indus. Corp. v Insurance Cos. of N. Am.*, 226 AD2d 580 [1996]). Where, however, there is a specific request for insurance, the agent has a duty to obtain the requested coverage or to inform the client of his or her inability to do so (*see Murphy v Kuhn*, 90 NY2d 266, 270 [1997]; *Catalanotto*, 285 AD2d at 790; *Twin Tiers Eye Care Assoc. v First Unum Life Ins. Co.*, 270 AD2d 918, 919 [2000], *lv denied* 95 NY2d 758 [2000]). In such a case, it must be demonstrated that the coverage could have been procured prior to the occurrence of the insured event (*see Mott*, 209 AD2d 981; *Rodriguez*, 201 AD2d 355; *American Motorists Ins. Co.*, 102 AD2d at 346).

In support of their motion, defendants submitted evidence establishing that GEICO does not provide SUM coverage in umbrella policies issued in New York. They also submitted the deposition testimony of Jansky, who had no recollection of his conversation with the policyholders but testified that, if they had requested SUM coverage, he would have told them that GEICO did not offer that coverage under an umbrella policy. In opposition to the motion, however, plaintiff submitted the affidavit of one of the policyholders, who averred that he specifically requested SUM coverage in the umbrella policy when he spoke with Jansky. He further stated that Jansky informed him that the umbrella policy would cover claims against his family, as well as claims brought by them, including those for injuries

in underinsurance situations. That policyholder also averred that he was never told that GEICO did not offer SUM coverage under umbrella policies. Plaintiff thus raised a triable issue of fact whether defendants breached their duty to her by failing to obtain the requested coverage or to inform the policyholders of GEICO's inability to provide such coverage.

Defendants contend that, even if plaintiff had requested SUM coverage, such coverage was not available in umbrella policies issued by GEICO in New York, and thus they cannot be required to provide coverage where none exists. We reject that contention. Although defendants established that GEICO did not provide SUM coverage in New York, they failed to establish that other insurers did not provide such coverage. Defendants' reliance on *American Motorist Ins. Co.* in support of the motion is misplaced. In that case, the insurance company established that no insurance company offered the coverage in question, i.e., coverage for interspousal liability claims, and thus the First Department concluded that there was no triable issue of fact "whether interspousal coverage could be obtained in New York from any insurance company" and no basis to impose liability upon the insurance company (102 AD2d at 346).

Finally, to the extent that defendants further contend that plaintiff "is conclusively presumed to know the contents of an insurance policy concededly received" (*Laconte v Bashwinger Ins. Agency*, 305 AD2d 845, 846 [2003]; *see Loevner v Sullivan & Strauss Agency, Inc.*, 35 AD3d 392, 394 [2006], *lv denied* 8 NY3d 808 [2007]), that contention is not properly before us because it is raised for the first time in defendants' reply brief (*see generally Matter of State of New York v Zimmer* [appeal No. 4], 63 AD3d 1563 [2009]; *McCarthy v Roberts Roofing & Siding Co., Inc.*, 45 AD3d 1375 [2007]; *Turner v Canale*, 15 AD3d 960 [2005], *lv denied* 5 NY3d 702 [2005]).

All concur except Sconiers, J., who is not participating. Present—Centra, J.P., Peradotto, Lindley, Sconiers and Gorski, JJ.