# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1525**
**CA 10-01439**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

PAGE ONE AUTO SALES, INC., PLAINTIFF-APPELLANT,

V                                              MEMORANDUM AND ORDER

BROWN & BROWN OF NEW YORK, INC., DOING BUSINESS
AS BROWN & BROWN, SUCCESSOR IN INTEREST TO
RIEDMAN CORPORATION, DOING BUSINESS AS RIEDMAN
INSURANCE, DEFENDANT-RESPONDENT.

---

BOYLAN, BROWN, CODE, VIGDOR & WILSON, LLP, ROCHESTER (DAVID K. HOU OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

HURWITZ & FINE, P.C., BUFFALO (KATHERINE A. FIJAL OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Ann
Marie Taddeo, J.), entered April 6, 2010. The order denied the motion
of plaintiff for summary judgment and granted the cross motion of
defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is modified
on the law by denying defendant's cross motion and reinstating the
complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiff, an automobile dealership, commenced this
action seeking damages for the alleged breach by defendant,
plaintiff's insurance broker, of its duty to procure an insurance
policy containing "false pretense coverage," which is intended to
cover losses in the event that plaintiff purchased automobiles with
defective titles. We agree with plaintiff that Supreme Court erred in
granting defendant's cross motion for summary judgment dismissing the
complaint, and we therefore modify the order accordingly. " 'In New
York, the duty owed by an insurance agent to an insurance customer is
ordinarily defined by the nature of the request a customer makes to
the agent' " (*Chase's Cigar Store v Stam Agency*, 281 AD2d 911, 912;
*see Wied v New York Cent. Mut. Fire Ins. Co.*, 208 AD2d 1132, 1133).
"Where . . . there is a specific request for insurance, the agent has
a duty to obtain the requested coverage or to inform the client of his
or her inability to do so" (*Herdendorf v Geico Ins. Co.*, 77 AD3d 1461,
1463; *see Murphy v Kuhn*, 90 NY2d 266, 270; *Twin Tiers Eye Care Assoc.
v First Unum Life Ins. Co.*, 270 AD2d 918, *lv denied* 95 NY2d 758). "In
such a case, it must be demonstrated that the coverage could have been
procured prior to the occurrence of the insured event" (*Herdendorf*, 77
AD3d at 1463; *see American Motorists Ins. Co. v Salvatore*, 102 AD2d

342, 346).

Viewing the evidence in the light most favorable to the nonmoving party, as we must (*see Russo v YMCA of Greater Buffalo*, 12 AD3d 1089, *lv dismissed* 5 NY3d 746), we conclude that there are triable issues of fact whether defendant breached its duty to procure the insurance coverage requested by plaintiff (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Further, although the insured's receipt of the insurance policy at issue may in some cases provide a complete defense to the insured's action against an agent or broker for failing to procure certain coverage (*see e.g. Hoffend & Sons, Inc. v Rose & Kiernan, Inc.*, 19 AD3d 1056, 1057-1058, *affd on other grounds* 7 NY3d 152; *Laconte v Bashwinger Ins. Agency*, 305 AD2d 845, 846), it does not provide such a defense in this case.  Where, as here, there is evidence establishing that the insured made requests for the missing coverage subsequent to receipt of the policy, the broker has a renewed "duty to obtain the requested coverage or to inform the client of [its] inability to do so" (*Herdendorf*, 77 AD3d at 1463).

We further conclude, however, that the court properly denied plaintiff's motion for, inter alia, summary judgment on the complaint inasmuch as the record demonstrates that triable issues of fact exist with respect to both defendant's liability and the amount of damages recoverable by plaintiff (*see generally Zuckerman*, 49 NY2d at 562).

All concur except PERADOTTO, J., who dissents and votes to affirm in the following Memorandum:  I respectfully dissent because, in my view, Supreme Court properly granted defendant's cross motion for summary judgment dismissing the complaint.  Plaintiff, an automobile dealership, commenced this action seeking damages for the alleged breach by defendant, plaintiff's insurance broker, of its duty to procure an insurance policy containing "false pretense coverage," which is intended to cover losses in the event that plaintiff purchased automobiles with defective titles.  Plaintiff subsequently moved for summary judgment on the complaint, and defendant cross-moved for summary judgment dismissing the complaint.

"It is now well settled 'that insurance agents have a common-law duty to obtain requested coverage for their clients within a reasonable time or [to] inform the client of the inability to do so' " (*Arthur Glick Truck Sales v Spadaccia-Ryan-Haas, Inc.*, 290 AD2d 780, 781, quoting *Murphy v Kuhn*, 90 NY2d 266, 270).  It is equally well settled, however, that "an insured is conclusively presumed to know the contents of an insurance policy concededly received, even though the insured did not read or review it" (*Laconte v Bashwinger Ins. Agency*, 305 AD2d 845, 846; *see Chase's Cigar Store v Stam Agency*, 281 AD2d 911, 912; *Nicholas J. Masterpol, Inc. v Travelers Ins. Cos.*, 273 AD2d 817).  Here, plaintiff submitted evidence in support of its motion establishing that it requested false pretense coverage for the 1999-2000 policy period and that its insurance broker advised plaintiff that he would procure such coverage.  Plaintiff's submissions demonstrate that, in November or December 1999, the broker informed plaintiff's office manager that coverage "had been procured"

and that "the endorsements were coming."  The office manager thereafter continued to contact the broker periodically to inquire about the endorsements, and she was repeatedly advised that the endorsements were on the way.  The office manager acknowledged, however, that defendant had not provided documentary proof that it had obtained false pretense coverage by the time she left plaintiff's employ in April 2000, and plaintiff's general manager conceded that plaintiff never received the requested endorsements.

Notably, all of the losses at issue appear to have been sustained during the 2000-2001 policy period.  Although the record indicates that plaintiff may not have received the new policy for that period before the losses occurred, the prior policy specifically excluded false pretense coverage, and the only policy change plaintiff discussed with defendant when the policy came up for renewal in June 2000 was a possible increase in limits for the coverage it already possessed.  At his deposition, plaintiff's general manager suggested that plaintiff may not have made a specific request for false pretense coverage at the time of renewal because plaintiff "assumed" it had such coverage.  In my view, however, any such assumption was unreasonable as a matter of law in light of the plain language of the policy in plaintiff's possession at that time, i.e., the 1999-2000 policy, and the fact that plaintiff had never received documentation confirming the false pretense coverage, despite numerous requests for it over a period of at least 10 months (*see Laconte*, 305 AD2d at 846; *see also Chase's Cigar Store*, 281 AD2d at 912-913; *Nicholas J. Masterpol, Inc.*, 273 AD2d at 818).  Moreover, it is undisputed that plaintiff never paid for such coverage.  I therefore conclude that, notwithstanding the broker's assurances in November or December 1999 that plaintiff had false pretense coverage, plaintiff knew or should have known that it did not have such coverage at the time plaintiff's office manager left in April 2000, if not sooner.  Thus, in the absence of any evidence sufficient to overcome plaintiff's presumptive knowledge of the contents of the policy, it is my view that the court properly granted defendant's cross motion for summary judgment dismissing the complaint.  I would therefore affirm the order.

Entered:  April 1, 2011                          Patricia L. Morgan
                                                Clerk of the Court